**Donald Wayne CHAPMAN, Relator,**

**v.**

**Hon. Clayton E. EVANS, Judge 33rd Judicial District Court, Respondent.**

**No. 69932.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 27, 1988.

---

Donald Wayne Chapman, pro se.

Clayton E. Evans, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DUNCAN, Judge.

Relator was found guilty of the offense of delivery of a controlled substance and assessed thirty years in the Texas Department of Corrections. This is an original mandamus action[1] brought by relator Chapman seeking the issuance of a writ of mandamus to compel the respondent to either set for trial or dismiss a pending indictment for an offense unrelated to that for which he is presently incarcerated. A brief recitation of facts is necessary.

The relator was indicted on August 6, 1985, for three separate offenses: (1) Cause No. 4698, delivery of marihuana; (2) Cause No. 4703, delivery of a controlled substance; and (3) Cause No. 4706, delivery of a controlled substance, methamphetamine. On August 20, 1985, the relator was arraigned and entered a plea of not guilty in each case. The response filed by the respondent indicates that none of the cases were set for trial until September 8, 1986, due to a heavy caseload. On September 9, 1986, trial commenced in Cause No. 4698 but resulted in a mistrial. On September 11, 1986, Cause No. 4703 was set for trial before a jury. The relator was found guilty and assessed the thirty year sentence under which he is presently confined.

Since relator's conviction in Cause No. 4703, on September 12, 1986, the State has apparently made no effort to set Cause No. 4706 for trial. On December 4, 1986, the relator was notified that a detainer had been requested by the Sheriff's Office of San Saba County pursuant to Cause No.

4706. On January 8, 1987, relator filed a motion to dismiss, motion for speedy trial and motion to appoint counsel in Cause No. 4706. Since that time no action has been taken in Cause No. 4706,[2] nor has the respondent ruled on the relator's motions.

In his pleadings before this Court the relator contends that his right to a speedy trial has been violated with respect to Cause No. 4706 and that the resulting detainer filed with the Texas Department of Corrections on that charge has interfered with certain liberty interests.

■ The relator has expressly invoked his right to a speedy trial under both the State and Federal Constitutions. The right to a speedy trial is guaranteed by the Sixth Amendment as applied to the states by the Fourteenth Amendment. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); *Dickey v. Florida*, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); *Smith v. Hooey*, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969); *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). In addition, Article I, § 10 of the Texas Constitution guarantees the accused in all criminal prosecutions the right to a speedy public trial. See also, Article 1.05, V.A.C.C.P. Although the Texas and Federal rights to a speedy trial are separate and distinct, interpretation and application of the Sixth Amendment right to a speedy trial by the Federal courts has served as a useful guide to the interpretation of the Texas constitutional right to a speedy trial by Texas courts. E.g., *Hull v. State*, 699 S.W.2d 220 (Tex.Cr.App.1985); *Russell v. State*, 598 S.W.2d 238 (Tex.Cr.App.1980); *Grayless v. State*, 567 S.W.2d 216 (Tex.Cr.App.1978); *Turner v. State*, 545 S.W.2d 133 (Tex.Cr.App.1976); *McCarty v. State*, 498 S.W.2d 212 (Tex.Cr.App.1973); *Courtney v. State*, 472 S.W.2d 151 (Tex.Cr.App.1971); *Wilson v. Bowman*, 381 S.W.2d 320 (Tex.1964).

---

1. Relator's writ application was styled as a writ of habeas corpus but he is seeking the remedy of mandamus. That is, either an order to the trial court for an immediate trial setting or the dismissal of charges. We will treat relator's request for relief as an application for writ of mandamus. Article 11.04, V.A.C.C.P.

2. The relator does not complain about the failure of the court to reset Cause No. 4698 for trial, nor does he allege that Cause No. 4698 is the basis for another detainer. Therefore, we express no opinion as to Cause No. 4698.

In *Barker v. Wingo,* the United States Supreme Court established a balancing test and suggested four factors to consider in determining whether an accused has been denied a speedy trial. The factors, though not exclusive, are: (1) length of delay; (2) reason for the delay; (3) the defendant's assertion of the right; and (4) prejudice to the defendant resulting from the delay. *Id.,* 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117. We will review the facts in light of these factors.

### LENGTH OF THE DELAY

■ There is no constitutional basis for holding that the speedy trial right can be quantified into a specified number of days or months. *Barker v. Wingo, supra; Perkins v. State,* 504 S.W.2d 458 (Tex.Cr. App.1974), *overld on other grounds; Ex parte Taylor,* 522 S.W.2d 479 (Tex.Cr.App. 1975). The right to a speedy trial arises from the time the defendant is formally accused or arrested. *Dillingham v. United States,* 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Marion,* 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971); *Easley v. State,* 564 S.W.2d 742 (Tex.Cr.App.1978), *cert. denied,* 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). Finally, the length of the delay must be examined on a case by case basis.

In the present case, the relator was indicted on August 6, 1985. Over two years and six months have since passed. Such a delay is more than sufficient to require a further examination of relator's speedy trial claim. *Hull v. State, supra; Turner v. State, supra.*

### REASON FOR DELAY

As previously stated, the relator filed a motion for a speedy trial which has not been responded to by the prosecutor nor acted upon by the respondent. The respondent's response to relator's pleading indicates that his is the only court hearing criminal cases within his five county district. The respondent also states that the failure to set Cause No. 4706 for trial "has been due to my attempt to dispose of the backlog of criminal cases pending throughout the five counties in this District." The prosecution has not filed an independent response to the relator's allegations in his application for writ of mandamus.

■ Unlike the statutory Speedy Trial Act,[3] which addressed prosecutorial delays only, the constitutional right to a speedy trial governs the entire criminal justice process. Thus, the overcrowded dockets of trial courts, while a factor to be considered, do not excuse trial delays. But see, *Phillips v. State,* 659 S.W.2d 415, 419 (Tex.Cr. App.1983); *Ostoja v. State,* 631 S.W.2d 165, 167 (Tex.Cr.App.1982). As the Supreme Court stated in *Barker v. Wingo,* "[a] more neutral reason such as negligence or overcrowded courts should be weighed less heavily but nevertheless should be considered since the ultimate responsibility for such circumstances must rest with the government rather than with the defendant." *Id.,* 407 U.S. at 532, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *Phillips v. State,* 650 S.W.2d 396, 400 (Tex.Cr.App. 1983). There is nothing within the record however, to indicate that the State has even made an attempt to secure a trial date. Furthermore, congested trial docket or not, the respondent has presided over criminal trials in San Saba County on several occasions since the relator was indicted.

■ It is well established that a defendant incarcerated on another charge is entitled to the same speedy trial rights as a defendant on bail. The relator's status as a prisoner can neither prejudice his speedy trial rights nor serve as a justification for delay on the part of the State. *Smith v. Hooey, supra; Ex rel Moreau v. Bond,* 114 Tex. 468, 271 S.W. 379 (1925).

■ The primary burden is on the prosecution and the courts to insure that defendants are speedily brought to trial. *Turner v. State,* 504 S.W.2d 843, 845 (Tex.Cr.App.

---

**3.** Article 32A.02, V.A.C.C.P. The Texas Speedy Trial Act was held unconstitutional in *Meshell v. State* 739 S.W.2d 246 (Tex.Cr.App.1987) as a violation of the separation of powers doctrine, Article II, § 1 of the Texas Constitution.

1974); *McKinney v. State*, 491 S.W.2d 404, 407 (Tex.Cr.App.1973). Both the trial court and prosecution are under a positive duty to prevent unreasonable delay. *Wilson v. Bowman, supra*, at 321. The relator has done nothing to prevent or delay a trial in Cause No. 4706. *Vardas v. State*, 518 S.W.2d 826 (Tex.Cr.App.) *cert. denied*, 423 U.S. 904, 96 S.Ct. 206, 46 L.Ed.2d 135 (1975). The prosecution has not submitted any justification whatsoever for the delay in this instance. Although a delay due to congested trial dockets is weighed less heavily, we are not satisfied that this is the only reason for the delay. In any event, overcrowded trial dockets alone cannot justify the diminution of the criminal defendant's right to a speedy trial.

### RELATOR'S ASSERTION OF HIS RIGHTS

On January 8, 1987, the relator made a demand for a speedy trial in Cause No. 4706. The respondent has admittedly taken no action on that motion. As the Supreme Court stated in *Barker v. Wingo, supra*, "[t]he defendant's assertion of his speedy trial right, then, is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. We emphasize that failure to assert the right will make it difficult to prove that he was denied a speedy trial." *Id.*, 407 U.S. at 533, 92 S.Ct. at 2192–393, 33 L.Ed.2d at 117. The relator has clearly asserted his right to a speedy trial.

### PREJUDICE TO THE APPELLANT

■ The right to a speedy trial is designed to protect three general interests; (1) to prevent oppressive pretrial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker v. Wingo, supra; Grayless v. State, supra; Turner v. State, supra*. The defendant invoking his right to a speedy trial must make some showing of prejudice resulting from the delay. *Harris v. State*, 489 S.W. 2d 303, 308 (Tex.Cr.App.1973); *Courtney v. State, supra*, at 154.

■ The interests of the defendant incarcerated on another charge are entitled to the same protections afforded the defendant who is either incarcerated or out on bail on a pending charge. In *Smith v. Hooey, supra*, the Supreme Court noted that the defendant incarcerated on another charge may (1) lose the possibility that he might receive a sentence at least partially concurrent with the one he is presently serving; (2) have the duration of the present imprisonment increased and conditions under which he must serve his sentence greatly worsened; and (3) suffer from the same anxiety and depression of the defendant at large under a pending charge. *Id.*, 393 U.S. at 378, 89 S.Ct. at 577, 21 L.Ed.2d at 611–12; *Turner, supra*, at 138.

■ The relator is losing the possibility of a partially concurrent sentence with every day that passes. In addition, the relator contends that the detainer filed with the Department of Corrections has resulted in the loss of certain liberty interests, including (1) the inability to attend certain educational and vocational programs; (2) he is not permitted certain off-unit or outside prison compound privileges; and (3) he is ineligible for certain trusty classifications. Each of these limitations prevents the relator from ultimately gaining more good time credits. As we have previously recognized, "the detainer ... may well have prejudiced his opportunity for clemency, pardon, parole or to be a trusty." *Turner v. State, supra*, at 139. The uncontroverted allegations of the relator constitute a sufficient showing of prejudice.

### CONCLUSION

None of the four factors previously discussed is alone necessary or sufficient to a finding of deprivation of the right to a speedy trial. *Barker v. Wingo, supra.* Using these four factors, we now "engage in a difficult and sensitive balancing process." *Id.*

■ The passage of more than two and one half years since the relator's initial indictment is considerable. Other than congested trial dockets, the State has provided no justification to warrant this delay. De-

spite the relator's assertion of his right to a speedy trial, nothing has been done to honor that right. Finally, the relator has undoubtedly been prejudiced by the pendency of Cause No. 4706. As previously stated, we must engage in a balancing process of the four factors enunciated in *Barker* to determine whether the defendant's right to a speedy trial must yield to a reasonable delay in the commencement of trial for justifiable reasons. In this case, the balance is clearly in favor of the relator's right to a speedy trial.

Because of the conclusions we have reached, we assume that the trial court will set this case for trial within thirty days of the date of this opinion. Should he fail to do so then a writ of mandamus will issue. Should a motion to dismiss the indictment be filed by the prosecutor and granted by the trial court, together with the withdrawal of the detainer with the Texas Department of Corrections, this case shall become moot.[4]

No motion for rehearing will be entertained.

ONION, P.J., dissents.

DAVIS, J., concurs.

---

**4.** It is arguable that this Court does not have mandamus jurisdiction to compel a dismissal of criminal charges. *Thomas v. Stevenson*, 561 S.W.2d 845, 847 n. 1 (Tex.Cr.App.1978); See *Pope v. Ferguson*, 445 S.W.2d 950 (Tex.1969); *contra, Hull v. State*, 699 S.W.2d 220 (Tex.Cr. App.1985). However, it is not necessary at this time to confront that issue.