**Clinton Ray SHEPHERD, Appellee,**

v.

**The STATE of Texas, Appellant.**

**No. 12–92–00305–CR.**

Court of Appeals of Texas, Tyler.

May 31, 1994.

Rehearing Overruled July 28, 1994.

Discretionary Review Refused Dec. 19, 1994.

Maurice Healy, Nacogdoches, for appellant.

Greta E. Haidinyak, Nacogdoches, for appellee.

RAMEY, Chief Justice.

The Appellant, Clinton Ray Shepherd ("Shepherd"), was convicted by a jury of unlawful delivery of a controlled substance and sentenced to confinement for a period of thirty-five years. Shepherd raises three points of error in this appeal. We will affirm the conviction.

Shepherd was arrested on the night of December 11, 1991, after having sold a quantity of crack cocaine to J.B. Gibson, an undercover narcotics officer. Unable to make bail, Shepherd was in custody for 90 days. He was released on March 13, 1992, as required by the TEX.CODE CRIM.PROC. ANN. art. 17.151 (Vernon Supp.1994). Two weeks later, on March 27, Shepherd was indicted, and the State announced that it was ready to go to trial on April 2. Counsel for Shepherd was not appointed until April 16, roughly four months after his arrest, one month after his release, and fourteen days after the State's announcement of ready.

■ In his first point of error Shepherd asserts that he was denied a speedy trial, resulting in the unavailability of witnesses. The right to a speedy trial is guaranteed by both the U.S. and TEXAS CONSTITUTIONS. U.S. CONST., amend. VI. TEX. CONST., art. I, sec. 10. The test for determining whether a defendant has been deprived of a constitutionally guaranteed speedy trial is identical under the state and federal constitutions; the following factors are considered on an ad hoc basis as part of a balancing test:

1) the length of the delay,

2) the reason for the delay,

3) the accused's assertion of the right, and

4) the prejudice to the accused resulting from the delay.

*Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *Chapman v. Evans,* 744 S.W.2d 133, 135 (Tex.Crim. App.1988). The length of the delay is the factor most commonly considered first; "a speedy trial claim will not be heard until passage of a period of time that is, prima facie, unreasonable under the existing circumstances." *Harris v. State,* 827 S.W.2d 949, 956 (Tex.Crim.App.1992). And the length of the delay must be ascertained with reference to the defendant's objections to or acquiescence in any delays or continuances; "a defendant's agreement to various resets is inconsistent with assertion of a speedy trial right, and the delay covered by such resets should not be in-

cluded in speedy trial computations." *State v. Kuri*, 846 S.W.2d 459, 463 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

■ In the instant case the State announced that it was ready to try the case on April 2, some four months after Shepherd's arrest and a week after his indictment. About a month later, on May 12, Shepherd filed the first of a series of motions for continuance, which were, except for the last one on July 6, all granted by the trial court.

We conclude as a threshold issue that the five months between Shepherd's arrest and his first motion for continuance was not of such duration as to deny him his constitutionally-guaranteed right to a speedy trial. Shepherd cites no authority finding a speedy trial violation for such a brief period.

■ Shepherd nevertheless asserts that his defense was prejudiced because of the disappearance of witnesses and his lack of time and funds to investigate the circumstances surrounding the incident for which he was arrested. Whatever the merit of Shepherd's complaints regarding his inability to mount a defense, the record is clear that trial delay was wholly irrelevant to these complaints. If, as Shepherd claims, his ability to defend himself was prejudiced by his incarceration for the three months following his arrest, by the appointment of counsel only after his release and indictment, or by the late approval of funds for an investigator, these are claims that have nothing to do with his right to a speedy trial. Shepherd's numerous motions for continuances indicate, to the contrary, that any "speedier" trial settings would have been resisted by him. The record, in short, fails to show that the prejudice complained of has any relationship to the error raised on appeal, denial of a speedy trial. Shepherd's first point of error is overruled.

■ In his second point of error Shepherd asserts that he was deprived of his right to cross-examine witnesses because a court reporter "edited" the transcript of the earlier testimony of narcotics officer J.B. Gibson, given at a suppression hearing. During the course of the trial Shepherd requested that he be given a transcript of such testimony, specifying that, in his prior testimony, Gibson had admitted that he had identified Shepherd as the person making the buy only by his clothing, *i.e.* that he had not had a good look at the suspect's face. Gibson's testimony on this subject was supplied to Shepherd by order of the presiding judge and was used by Shepherd's counsel in cross-examining Gibson.

Shepherd's argument here that the trial court committed error in giving him an "edited" version of Gibson's earlier testimony ignores the fact that, at trial, defense counsel requested only certain defined areas of Gibson's prior testimony, and that, apparently satisfied with what was prepared for him by the court reporter, he failed to object to his not receiving the entire transcript. In order to preserve a complaint for appellate review, a party must present a request or motion to the trial court and receive a ruling on the request or objection. *Norman v. State*, 862 S.W.2d 621, 626 (Tex.App.—Tyler 1993, pet. ref'd). Tex.R.App.P. 52(a). Since Shepherd was given exactly what he requested, and failed to object to the trial court about "editing," such complaint was not preserved for appellate review. Shepherd's second point of error is overruled.

■ In his third point of error Shepherd complains that his right to counsel was impaired by the failure of the appropriate authorities in Nacogdoches County to adopt a fee schedule for compensation of appointed counsel, as required by Tex. Code Crim.Proc.Ann. art. 26.05. Assuming, *arguendo*, the absence of such a schedule,[1] such fact cannot amount to a reversible error if the record fails to dem-

1. The parties all stipulated that no such    schedule was in effect.

onstrate that the lack of a fee schedule impaired Shepherd's right to counsel. *See Freeman v. State,* 556 S.W.2d 287, 308 (Tex.Crim.App.1977) (inadequacy of compensation of defense counsel not a reversible matter if no specific harm alleged or shown in the record). Shepherd makes no allegation of injury for this failure; his third point of error is therefore overruled.

The judgment of the court below is **affirmed.**