NUMBER 13-99-329-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


____________________________________________________________________


EDWARD LAFONTAINE, Appellant,


v.



THE STATE OF TEXAS, Appellee.

____________________________________________________________________


On appeal from the 138th District Court of Cameron

County, Texas.

____________________________________________________________________


O P I N I O N



Before Justices Dorsey, Yañez, and Castillo


Opinion by Justice Yañez


 Appellant, Edward LaFontaine, challenges the revocation of his
community supervision. We affirm.

 Appellant's community supervision was revoked on May 10,
1999. Appellant argues that the trial court erred by: (1) denying his
motion to dismiss the State's motion to revoke community supervision
on the basis of an alleged violation of his right to a speedy trial; (2)
denying his motion to disqualify the Cameron County District Attorney's
Office; and (3) denying his motion to recuse Judge Robert Garza. 

SPEEDY TRIAL

 With his first point of error, appellant argues that the trial court
erred by not granting his motion to dismiss the State's motion to revoke
community supervision. Appellant's motion was based on a claim that
the State had violated his right to a speedy trial. Appellant contended
that his right to a speedy trial, as guaranteed by the Sixth Amendment
of the United States Constitution, article 1, section 10 of the Texas
Constitution, and Article 32A.02 of the Texas Code of Criminal
Procedure, was violated. Article 32A.02 has been declared
unconstitutional by the court of criminal appeals and thus cannot
provide a basis for any relief. Harris v. State, 827 S.W.2d 949, 956
(Tex. Crim. App. 1992). 

 The right to a speedy trial is applicable to community supervision
proceedings. Carney v. State, 573 S.W.2d 24, 26 (Tex. Crim. App.
1978) (en banc). Although the right to speedy trial under the Texas and
United States Constitutions are independent, Texas courts look to the
federal courts in determining the right to a speedy trial under the Texas
Constitution. Harris v. State, 827 S.W.2d at 956; Moreno v. State, 987
S.W.2d 195, 198 (Tex. App.--Corpus Christi 1999, pet. ref'd). In
determining whether a defendant's right to a speedy trial has been
violated, we apply a four-factor balancing test. Barker v. Wingo, 407
U.S. 514, 531, 92 S.Ct. 2182 (1972); Moreno, 987 S.W.2d at 198. The
factors we consider are: (1) the length of the delay, (2) the reason for
the delay, (3) the defendant's assertion of his speedy trial right, and (4)
prejudice to the defendant from the delay. Barker, 407 U.S. at 531, 92
S.Ct. 2182; Moreno, 987 S.W.2d at 198. All four factors must be
considered together; no one factor alone is either a necessary or
sufficient condition to finding a deprivation of the right to a speedy trial. 
Moreno, 987 S.W.2d at 198. 

 The first step in conducting a speedy trial review is to establish the
circumstances surrounding the bringing of the case to trial. Id. We
conduct a review of the trial court's factual determinations with
deference to the trial court's findings. Id. Once the facts have been
established, we undertake a de novo review of the trial court's
application of the Barker factors to the facts. Id. at 199. In the case
now before this Court, the trial court, following a hearing, denied
appellant's motion to dismiss.

Length of Delay. 

 The delay in the commencement of trial must be sufficient to be
presumptively prejudicial before a review of the remaining factors is
triggered. Barker, 407 U.S. 531 n. 31, 92 S.Ct. 2182. The length of
delay is measured, for purposes of speedy trial analysis, from the time
a defendant is arrested or formally charged. Rivera v. State, 990 S.W.2d
882, 889 (Tex. App.--Austin 1999, pet. ref'd), cert. denied, 528 U.S.
1168, 120 S. Ct. 1191 (2000). Most delays of eight months or longer
are considered presumptively unreasonable and prejudicial. Moreno,
987 S.W.2d at 199. 

 Appellant was arrested in Austin, Texas, on May 30, 1998. He
was incarcerated from that point until the hearing on the State's motion
to revoke community supervision, which was held on May 10, 1999. 
Appellant filed a "motion to dismiss for violation of speedy trial act" on
April 21, 1999. The delay in this case was sufficient to trigger a speedy
trial inquiry.

Reason for the Delay.

 The State carries the initial burden of justifying a lengthy delay. 
Emery v. State, 881 S.W.2d 702, 708 (Tex. Crim. App. 1996). Different
weights should be assigned to different reasons for the delay. Barker,
407 U.S. at 531, 92 S.Ct. 2182. A deliberate attempt to delay the trial
in order to hamper the defense should be weighed heavily against the
State, while a more neutral reason, such as negligence, should be
weighed less heavily, but nevertheless should be considered. Id. The
State's negligence, however innocent, militates against the State,
because the ultimate responsibility for such circumstances must rest
with the State rather than with the defendant. Moreno, 987 S.W.2d at
199. 

 In the case now before this Court, appellant was arrested on May
30, 1998. Appellant testified that he was arrested because of the
warrant issued upon the State's filing of its motion to revoke. Cameron
County attempted to retrieve appellant from Travis County on
September 3, 1998, but Travis County refused to release him. A
Cameron County deputy sheriff testified that Travis County would not
release appellant because appellant was being held on a charge brought
by Travis County. Appellant admitted that Travis County had a charge
against him. The Cameron County Sheriff's Department advised Travis
County to notify Cameron County when appellant would be released by
Travis County. 

 Cameron County was notified on November 8, 1998, that
appellant was available for release. On November 19, 1998, appellant
was released to officials from Logan County, Illinois, where there were
charges pending against him. Appellant testified that he pleaded to a
charge in Illinois, but later reneged on the plea agreement. A copy of
the Illinois plea signed by appellant was admitted in evidence, showing
that appellant was credited for 180 days time served. The plea was
filed on March 1, 1999. Appellant was released to Cameron County
from Logan County after signing the judgment. 

 The evidence before the trial court showed that much of the delay
in holding a hearing on the State's motion to revoke was a result of
appellant being held by other jurisdictions. This factor weighs against
appellant.

Assertion of the right to speedy trial.

 A defendant does not have a duty to bring himself to trial;
however, he does have a responsibility to assert his right to a speedy
trial. Moreno, 987 S.W.2d at 200. A defendant's failure to assert his
speedy trial right strongly indicates that he did not really want a speedy
trial. Id. A defendant's assertion of his right to a speedy trial must be
viewed in light of his other conduct. Id. (citing United States v. Loud
Hawk 474 U.S. 302, 314, 106 S.Ct. 648, (1986)). Although a motion to
dismiss can notify the State and the court of a speedy trial claim, a
defendant's motivation in asking for dismissal rather than a prompt trial
is clearly relevant, and may sometimes attenuate the strength of his
claim. Phillips v. State, 650 S.W.2d 396, 401 (Tex. Crim. App. 1983). 


 Appellant did not raise his right to speedy trial until April 21, 1999,
and then raised it in the form of a motion to dismiss. Appellant claimed
that he wrote several letters while incarcerated in Travis County,
addressed "to whom it may concern" at "several addresses [he] had for
Cameron County." He also stated that he sent several letters to the trial
court requesting a transcript of the trial which resulted in his being
placed on probation.(1) According to appellant's own testimony, none of
the letters he claims to have sent to the court were requests for a trial
or complaints about the lack of a speedy trial. Further, despite his own
testimony that he was represented by an attorney during that time,
appellant did not file any motions with the trial court in Cameron
County.

 Appellant made only a minimal effort to assert his speedy trial
right, and his eventual assertion of that right was in the context of a
motion to dismiss. This strongly suggests that appellant did not
actually want a speedy trial, but rather asserted this right only in an
effort to avoid trial altogether. This factor weighs against the appellant.

Prejudice to defendant.

 A defendant invoking his right to a speedy trial is required to make
some showing that the delay has been prejudicial. Chapman v. Evans,
744 S.W.2d 133, 136 (Tex. Crim. App. 1988); Moreno, 987 S.W.2d at
201. Prejudice should be assessed in the light of the interests which
the speedy trial right was designed to protect. Barker, 407 U.S. at 532,
92 S.Ct. 2182. These interests have been identified as: (1) the
prevention of oppressive pre-trial incarceration; (2) the minimization of
anxiety and concern to the accused; and (3) the limitation of the
possibility that the defense will be impaired. Id. In considering the
prejudice factor, the reviewing court will not require proof of actual
prejudice, but only some showing that the delay has been prejudicial;
however, it is the defendant's burden to make a prima facie showing of
prejudice. Moreno 987 S.W.2d at 201. Once the defendant has met his
burden, the State has the obligation to prove that the accused suffered
no serious prejudice beyond that which ensued from the ordinary and
inevitable delay. Id. The main concern is whether the defense was
impaired by the delay. Id.

 In the case now before this Court, appellant offered testimony that
his incarceration was oppressive because he was prevented from
attending his grandmother's funeral. Considering that he was held on
charges by two different jurisdictions, aside from Cameron County,
during most of his incarceration, it appears that appellant would have
missed this funeral even absent the pending motion to revoke his
probation. Further, appellant did not claim, nor did he offer any proof,
that his defense against the State's motion to revoke probation was
impaired by his incarceration. This factor weighs against appellant.

Application of the Barker test.

 Having considered the four factors of the Barker balancing test, we
hold that appellant's right to a speedy trial was not violated. Although
there was a long delay between appellant's arrest and the ultimate
disposition of the motion to revoke, that delay was a result of charges
pending against appellant in two other jurisdictions. Appellant
contacted the trial court on other matters during his incarceration, but
only raised his speedy trial right a few weeks before the hearing, and
then raised it only in a motion to dismiss, indicating his goal was not to
induce a speedy trial, but was actually an effort to avoid trial. Finally,
appellant failed to demonstrate that he was prejudiced by the delay
between the filing of the motion to revoke and the hearing on the
motion. Appellant's first issue is overruled.

DISQUALIFICATION OF THE CAMERON COUNTY DISTRICT
ATTORNEY'S OFFICE

 With his second issue, appellant contends that the trial court erred
in denying his motion to disqualify the Cameron County District
Attorney's Office. Appellant offers only one cite to the record to support
his argument, that being a cite to the "Vol.2" of the record.(2) Appellant
has failed to properly brief this point. See Tex. R. App. P. 38.1 (h) (briefs
must contain appropriate cites to the record). 

 Appellant argues that the District Attorney's office sought to
revoke his probation in an effort to distract attention from their
negligence in bringing the motion to revoke to a hearing. According to
appellant, the prosecution of the motion to revoke was motivated by the
District Attorney's desire to "cover up [the District Attorney's]
inefficiency in bringing Appellant before the Court to answer the State's
Motion to Revoke." (capitalization in original). Appellant's argument is
essentially that the District Attorney is prosecuting him to conceal a
failure to prosecute him sooner. 

 The local government code provides for the removal of a District
Attorney for incompetency, official misconduct, or intoxication. Tex.
Loc. Gov't Code Ann. § 87.013 (Vernon 1999). A trial court may remove
a District Attorney only for one of the three causes enumerated in
section 87.013, and only after a trial by jury. State ex rel. Eidson v.
Edwards, 793 S.W.2d 1, 5 (Tex. Crim. App. 1990). Official misconduct 
is defined as meaning intentional, unlawful behavior relating to official
duties. Tex. Loc. Gov't Code Ann. § 87.011(3) (Vernon 1999). In the
case now before us, appellant does not claim that the District
Attorney's Office has acted unlawfully, but rather that it is being
vindictive in bringing the motion to revoke to a hearing after having
been negligent in failing to bring it to hearing sooner. Essentially,
appellant argues that the District Attorney's Office is doing its job, but
doing it for the wrong reason. 

 Appellant argues that removal can be required if the District
Attorney's conduct constitutes a violation of his due process rights
under the United States Constitution. The court of criminal appeals has
stated that a:

trial court judge is without legal authority to remove a
District Attorney from a case and, as such, any order
attempting to do so is void. 

 There may be instances when a prosecutor must
recuse himself from the prosecution of an individual. If there
is a conflict of interests on the part of the district attorney or
his assistants however, the responsibility of recusal lies with
them, not with the trial court judge. We do not wish to
imply that a defendant would be left without recourse if the
prosecution's failure to recuse itself violated his due process
rights. If, for example, a prosecutor who had previously
represented a defendant later personally prosecuted the
defendant in the same matter, the defendant's conviction
would violate the Fourteenth Amendment of the United
States Constitution and Article I, Section 19 of the Texas
Constitution. 


State ex rel. Eidson, 793 S.W.2d at 4-5 (citations omitted).

 Appellant has failed to show that there were circumstances that
would require any of the prosecutors at the Cameron County District
Attorney's Office to recuse themselves in order to avoid violating his
constitutional rights. Appellant has not shown any conflicts of interest. 
His complaint is essentially that the District Attorney is now
prosecuting him, having failed to do so sooner. Appellant has not
shown that the District Attorney engaged in any wrongful conduct in
prosecuting this case. Appellant's second issue is overruled.

RECUSAL OF THE TRIAL JUDGE

 With his third issue on appeal, appellant argues that the trial
court erred by denying his motion to recuse Judge Garza. A hearing
was held on the motion, with Judge Menton Murray presiding. The
only evidence offered was testimony by appellant. Following the
hearing, Judge Murray denied the motion.

 We apply an abuse of discretion standard when reviewing the
denial of a motion to recuse. Kemp v. State, 846 S.W.2d 289, 306
(Tex. Crim. App. 1992) (citing Tex. R. Civ. P. 18a(f)). Under this
standard, an appellate court should not reverse a ruling on a motion to
recuse that is within the zone of reasonable disagreement. Id. A
defendant alleging bias as a ground for recusal must provide facts
sufficient to establish that a reasonable person, knowing all the
circumstances involved, would harbor doubts as to the impartiality of
the trial judge. Id. at 305. Bias must be shown to be of such nature,
and to such extent, as to deny the defendant due process of law. Id.

 At the hearing on the motion to recuse, appellant testified that he
did not believe Judge Garza would be impartial because of an
exchange of words between appellant and Judge Garza following a
hearing before the court. Appellant apparently informed Judge Garza
that the judge needed to "get a life," which prompted a response by
Judge Garza. Appellant also stated that he felt that Judge Garza was
unsympathetic to appellant's claim that his right to a speedy trial had
been violated. Appellant has established only that he made some rude
comments to Judge Garza, to which the judge replied. He has not
raised any evidence that Judge Garza would be biased against him so
as to endanger appellant's right to due process of law. We find that
Judge Murray was within his discretion in concluding that appellant
failed to present such evidence of bias that a reasonable person would
harbor doubts as to Judge Garza's impartiality. Appellant's third issue
is overruled.

 The judgment of the trial court is AFFIRMED.



 
 

 LINDA REYNA YAÑEZ

 Justice



Do not publish. Tex. R. App. P. 47.3.


Opinion delivered and filed this the

1st day of March, 2001.


1. None of the letters appellant claims to have written are
contained in the record before this Court.
2. Volume 2 is the reporter's record of the hearing on appellant's
motion to recuse Judge Garza.