IN THE



TENTH
COURT OF APPEALS

 



 

No. 10-05-00341-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

Malcolm Delshaun Manley,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 02-00669-CRM-CCL2



 



 

No. 10-05-00342-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

ERIC DESHUN LEWIS,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 03-00965-CRM-CCL2



 



 

No. 10-05-00343-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

KEVIN DALE BROWN, JR.,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 02-00670-CRM-CCL2



 



 

No. 10-05-00344-CR

 

The State of Texas,

                                                                      Appellant

 v.

 

BRANDON RATCLIFF,

                                                                      Appellee

 

 



From the County Court at Law No.
2

Brazos County, Texas

Trial Court No. 04-00241-CRM-CCL2

 

 



DISSENTING OPINION



 








      For the reasons stated below,
I dissent.  I sometimes believe, based upon the case law, that a majority of
the Court gives too little deference to the trial court’s discretion.  E.g.,
Gonzales v. State, Nos. 10-03-00309-CR & 10-03-00312-CR, 2005 Tex. App. LEXIS 1501, at *9-*12 (Tex. App.—Waco Feb. 23, 2005, no pet.) (Gray, C.J.,
dissenting) (not designated for publication).  Here, again based upon the case
law, I believe that the majority gives too much.

      I disavow, first, of course, as
I often do, the majority opinion’s extravagantly unnecessary dicta.  E.g.,
Villanueva v. State, No. 10-05-00288-CR, 2006 Tex. App. LEXIS 9402, at
*30-*32 (Tex. App.—Waco Oct. 18, 2006, no pet.) (Gray, C.J., dissenting).  It
does not require twenty-three pages to dispose of these cases, even though they
are four, related cases.  The majority’s discussion of the several states’
speedy-trial acts, (see slip op. at 4-8 (majority op.)), is particularly
egregious: Texas does not have a speedy trial act.

      Next, the majority correctly
states, then disregards, the standard of review.  “[W]e apply a bifurcated
standard of review: an abuse of discretion standard for the factual components,
and a de novo standard for the legal components.”  (Slip op. at 2
(majority op.) (quoting Zamorano v. State, 84 S.W.3d 643, 648 (Tex.
Crim. App. 2002)).)  For instance, the majority holds that “[t]he court did not
abuse its discretion by holding the State responsible for the mistrial,” and
that “the record supports the trial court’s ruling” on matters of law “so we
‘must uphold’ it.”  (Id. at 16, 17, 21, 22 (quoting Shaw v. State, 117
S.W.3d 883, 889 (Tex. Crim. App. 2003)).)  Here, the facts are largely
undisputed.  We must uphold the trial court’s legal ruling on a speedy-trial
motion only if the ruling is “correct under the applicable law.”  Shaw, 117
S.W.3d at 889 (citing State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim.
App. 1999)).  Among the factors to which, as a matter of law, we must hold
strongly against the appellants, especially Manley, Brown, and Ratcliff, is the
untimely assertion of the right to a speedy trial.  See Kelly v. State, 163
S.W.3d 722, 727-29 (Tex. Crim. App. 2005); see also Barker v. Wingo, 407
 U.S. 514, 532 (1972).  “[F]ailure to assert the right will make it difficult
for a defendant to prove that he was denied a speedy trial.”  Barker at
532.

      The majority similarly fails
to consider the weight that each factor in the analysis carries.  The majority
states the standard of review: “Different weights are assigned to the various
reasons for the delay asserted by the State.”  (Slip op. at 8 (majority op.)
(citing Shaw, 117 S.W.3d at 889)); see Barker, 407 U.S. at 531.  A period of time may weigh “very heavily,” “more heavily,” “heavily,” “less
heavily,” “moderately,” or only “lightly” either for or against a party.  E.g.,
Barker at 531; Kelly, 163 S.W.3d at 729, 730; Shaw at 890; Dragoo
v. State, 96 S.W.3d 308, 312, 314 (Tex. Crim. App. 2003); Zamorano, 84
S.W.3d at 649, 651; Munoz, 991 S.W.2d at 822; Deeb v. State, 815
S.W.2d 692, 706 (Tex. Crim. App. 1991); Chapman v. Evans, 744 S.W.2d
133, 136 (Tex. Crim. App. 1988) (orig. proceeding).  The majority, however,
considers all periods of time as carrying equal weight.  For example, the
majority holds that “twenty-one of the twenty-nine months can be attributed to
the State” as to Lewis, “thirty-three of the thirty-four months can be
attributed to the State” as to Brown, and “thirty-one of the thirty-four months
can be attributed to the State” as to Manley.  (Slip op. at 17, 22 (majority
op.).)  Again, particularly as to the assertion of the right to a speedy trial,
and particularly as to Manley, Brown, and Ratcliff, the majority fails to give
due weight to the failure to assert the right timely.

      For the reasons above, I
dissent.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed February
7, 2007

Publish

[CR25]