IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00047-CR

 

Tracy Lewellen Reamy,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 

 



From the 13th District
Court

Navarro County, Texas

Trial Court No. 32548-CR

 



ABATEMENT ORDER



 








            The reporter’s record in
this appeal was originally due on March 22, 2010.  We previously abated this
appeal and two others for the trial court to determine why the records had not
been filed and to establish deadlines for the court reporter to file the
records in each case.  The trial court did so, but after the reporter failed to
file the first record by the newly-established deadline, she appeared before
this Court for a hearing to determine the status of that record.  The reporter
testified before this Court that the reporter’s record in this appeal could be
filed within a few weeks after the hearing.  However, three months have since
passed, and the reporter’s record still has not been filed.  We will abate this
appeal to the trial court for a hearing to determine whether the court reporter
is capable of filing the reporter’s record in this appeal or whether a
substitute court reporter should be appointed to prepare and file the record.

An appellate court can and should
exercise its contempt power to compel an errant court reporter to prepare and
file the record.  The Rules of Appellate Procedure also give appellate courts
the power to take other actions designed to ensure the preparation and filing
of the record, including the appointment of a substitute court reporter to
prepare and file the record from the original court reporter’s notes.

 

Johnson v. State, 151 S.W.3d 193, 196 (Tex. Crim. App.
2004) (footnotes omitted).

            At the hearing before this
Court, the court reporter, Nancy Currie, testified about personal matters that
call into question her ability to prepare the record.  Her conduct since that
hearing further underscores our concern about her ability to do so.  Therefore,
the trial court should consider appointing a substitute court reporter to use
Currie’s notes and recordings and prepare and file the reporter’s record.  See
Routier v. State, 112 S.W.3d 554, 563-70 (Tex. Crim. App. 2003); see
also Tex. Gov’t Code Ann. § 52.042(a)
(Vernon 2005); Tex. R. App. P.
13.5; Johnson, 151 S.W.3d at 196.

            Based on Currie’s testimony
before this Court, we lack confidence that she is willing or able to prepare
the reporter’s record in this appeal, even under threat of contempt. 
Therefore, we will abate this appeal to the trial court for a hearing to
determine:

(1)        whether Currie is capable of
preparing the reporter’s record in this appeal;

 

(2)        whether another certified
reporter should be appointed to prepare the record; and

 

(3)        a reasonable time period
within which the reporter’s record can be prepared and filed with this Court.[1]

 

            While this appeal is abated,
two (or more) hearings may be required.  The first should be held at the
earliest opportunity to determine whether Currie is capable of preparing the
record and whether another reporter should be appointed.  If another reporter
is appointed, a second hearing may be required before the substitute reporter
can provide a good faith estimate of how long it will take to prepare the
record.

            To save time, the parties
may stipulate to the issues to be resolved while this appeal is abated.  In the
event of a stipulation, no formal hearing in the trial court is necessary, but
the parties’ stipulation should be reflected in a written order of the trial
court which is filed with the district clerk and included in a supplemental
clerk’s record.  The Court requests the trial court (or a party at the trial
court’s direction) to advise the Clerk of this Court in writing on a
semi-monthly basis regarding the status of this matter.

            Therefore, this appeal is
abated for sixty days.  The trial court has discretion to schedule hearings
during the abatement period as necessary.  All hearings shall be attended by a
certified court reporter who shall prepare a transcription of such hearings and
file that transcription or those transcriptions as a supplemental reporter’s
record or records in this appeal.

            The trial court shall
prepare written findings of fact and conclusions of law with regard to the
issues identified in this abatement order.  The district clerk shall prepare a
supplemental clerk’s record containing such findings of fact and conclusions of
law as well as any pleadings filed with regard to this matter and any orders
signed by the trial court.

            The district clerk and the
court reporter shall file their supplemental records with the Clerk of this Court
within ninety days after the date of this Order.

PER CURIAM

Before Chief
Justice Gray,

Justice
Reyna, and

Justice
Davis

Appeal abated

Order issued
and filed November 10, 2010

Publish

 









[1]
              We are abating two
appeals in which Currie has overdue records.  The elected judge presided over
Reamy’s trial, but an assigned judge presided over the other trial.  We direct
these judges to consult with each other and consider both cases in choosing
filing deadlines.  We leave it to the discretion of the judges to determine the
order in which these records are to be filed, giving due consideration to: (1)
the age of the cases; (2) the relative ease with which a particular record can
be prepared; (3) the preferences of the parties; and (4) any other
considerations the judges deem relevant.








/i> standard for the legal components.”  (Slip op. at 2
(majority op.) (quoting Zamorano v. State, 84 S.W.3d 643, 648 (Tex.
Crim. App. 2002)).)  For instance, the majority holds that “[t]he court did not
abuse its discretion by holding the State responsible for the mistrial,” and
that “the record supports the trial court’s ruling” on matters of law “so we
‘must uphold’ it.”  (Id. at 16, 17, 21, 22 (quoting Shaw v. State, 117
S.W.3d 883, 889 (Tex. Crim. App. 2003)).)  Here, the facts are largely
undisputed.  We must uphold the trial court’s legal ruling on a speedy-trial
motion only if the ruling is “correct under the applicable law.”  Shaw, 117
S.W.3d at 889 (citing State v. Munoz, 991 S.W.2d 818, 821 (Tex. Crim.
App. 1999)).  Among the factors to which, as a matter of law, we must hold
strongly against the appellants, especially Manley, Brown, and Ratcliff, is the
untimely assertion of the right to a speedy trial.  See Kelly v. State, 163
S.W.3d 722, 727-29 (Tex. Crim. App. 2005); see also Barker v. Wingo, 407
 U.S. 514, 532 (1972).  “[F]ailure to assert the right will make it difficult
for a defendant to prove that he was denied a speedy trial.”  Barker at
532.

      The majority similarly fails
to consider the weight that each factor in the analysis carries.  The majority
states the standard of review: “Different weights are assigned to the various
reasons for the delay asserted by the State.”  (Slip op. at 8 (majority op.)
(citing Shaw, 117 S.W.3d at 889)); see Barker, 407 U.S. at 531.  A period of time may weigh “very heavily,” “more heavily,” “heavily,” “less
heavily,” “moderately,” or only “lightly” either for or against a party.  E.g.,
Barker at 531; Kelly, 163 S.W.3d at 729, 730; Shaw at 890; Dragoo
v. State, 96 S.W.3d 308, 312, 314 (Tex. Crim. App. 2003); Zamorano, 84
S.W.3d at 649, 651; Munoz, 991 S.W.2d at 822; Deeb v. State, 815
S.W.2d 692, 706 (Tex. Crim. App. 1991); Chapman v. Evans, 744 S.W.2d
133, 136 (Tex. Crim. App. 1988) (orig. proceeding).  The majority, however,
considers all periods of time as carrying equal weight.  For example, the
majority holds that “twenty-one of the twenty-nine months can be attributed to
the State” as to Lewis, “thirty-three of the thirty-four months can be
attributed to the State” as to Brown, and “thirty-one of the thirty-four months
can be attributed to the State” as to Manley.  (Slip op. at 17, 22 (majority
op.).)  Again, particularly as to the assertion of the right to a speedy trial,
and particularly as to Manley, Brown, and Ratcliff, the majority fails to give
due weight to the failure to assert the right timely.

      For the reasons above, I
dissent.

TOM GRAY

Chief Justice

Dissenting opinion delivered and filed February
7, 2007

Publish

[CR25]