**AFFIRM; and Opinion Filed January 22, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00876-CR

### JON PAUL GOFF, Appellant
### V.
### THE STATE OF TEXAS, Appellee

**On Appeal from the 291st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F-0918879-U**

## MEMORANDUM OPINION

Before Justices O'Neill, Myers, and Brown
Opinion by Justice O'Neill

Appellant Jon Paul Goff was charged with possession with intent to deliver methamphetamine. He filed a pretrial motion to dismiss for lack of a speedy trial, which the trial court denied. Appellant pleaded guilty to the charges, and the trial court sentenced him to eighteen years' in prison. On appeal, he argues the trial court erred by denying his motion to dismiss for lack of a speedy trial, and the trial court did not have jurisdiction to hear his case. We affirm.

### Background

Appellant was indicted in Dallas County on October 14, 2009. Appellant was out on bond until it was held insufficient and a warrant was activated. Appellant was arrested on unrelated charges in Tarrant County on October 4, 2011. According to appellant, the State knew he was in Tarrant County because he filed a motion to reduce bail for the Dallas County offense

on May 14, 2012, stating he was in incarcerated in Tarrant County. On July 16, 2012, appellant filed an application for a bench warrant to be brought to Dallas County. A bench warrant issued on July 27, 2012. The record does not explain why the bench warrant was not executed.

On August 1, 2012, appellant filed his first motion for speedy trial, or alternatively, motion to dismiss for want of prosecution. A second bench warrant issued on August 15, 2012, and appellant was returned to Dallas County.

Appellant's case was set for appearance on August 28, 2012. Without explanation or complaint, his case was passed over nine times between September 2012 and March 2013. Appellant filed motions to dismiss based on lack of a speedy trial on February 12, 2013 and March 28, 2013. After three more settings, the case went to trial on May 28, 2013. However, after voir dire appellant pleaded guilty to the charge. The trial court sentenced him to eighteen years' imprisonment. This appeal followed.

### Right to a Speedy Trial

In his first issue, appellant argues the trial court erred by denying his motion to dismiss for want of a speedy trial. The State responds that after a proper balancing of the *Barker* factors, the trial court did not err in denying his motion. *See Barker v. Wingo*, 407 U.S. 514 (1972).

We review the trial court's ruling on a speedy trial claim under a bifurcated standard of review, which involves an abuse of discretion standard to the trial court's factual findings and a de novo standard to the trial court's legal conclusions. *Cantu v. State*, 253 S.W.3d 273, 282 (Tex. Crim. App. 2008).

The Sixth Amendment to the United States Constitution and article one, section ten of the Texas Constitution guarantees an accused the right to a speedy trial. U.S. CONST. amend. VI; TEX. CONST. art. 1, § 10. Whether raised under the federal or state constitution, we analyze speedy trial claims on an ad hoc basis by weighing and then balancing four factors: (1) the length

–2

of the delay; (2) the reason for the delay; (3) assertion of the right; and (4) prejudice to the accused. *Barker*, 407 U.S. at 530. No single factor is necessary or sufficient to establish a violation. *Dragoo v. State*, 96 S.W.3d 308, 313 (Tex. Crim. App. 2003). Rather, courts must "engage in a difficult and sensitive balancing process" that takes into account the parties' overall conduct. *Zamorano v. State*, 84 S.W.3d 643, 648 (Tex. Crim. App. 2002). Review of the individual factors necessarily involves fact determinations and legal conclusions, but the balancing test as a whole is a purely legal question. *Cantu*, 253 S.W.3d at 282.

While the State has the burden of justifying the length of the delay, the defendant has the burden of proving the assertion of the right and showing prejudice. *Id*. at 280. However, the defendant's burden of proving a speedy trial violation varies inversely with the State's degree of culpability and the length of the delay. *Id*. "Thus, the greater the State's bad faith or official negligence and the longer its actions delay a trial, the less a defendant must show actual prejudice or prove diligence in asserting his right to a speedy trial." *Id*. at 280–81.

The first factor we consider is the length of the delay, which is the triggering mechanism for analyzing the remaining three *Barker* factors. *Barker*, 407 U.S. at 530. Courts have generally concluded that a post-accusation delay of about one year is presumptively prejudicial for purposes of the length-of-delay factor. *See Doggett v. U.S.*, 505 U.S. 647, 652 n.1 (1992); *Shaw v. State*, 117 S.W.3d 883, 889 (Tex. Crim. App. 2003). Here, appellant was arrested in October 2009. He filed his motion for a speedy trial on August 1, 2012. The State concedes this length of delay requires us to analyze the remaining *Barker* factors.

Once it is determined that a presumptively prejudicial delay has occurred, the State bears the burden of justifying the delay. *Cantu*, 253 S.W.3d at 280–81. When assigning weight to the reasons for the delay given by the State, different reasons deserve different weight. *Barker*, 407 U.S. at 531. Intentional prosecutorial delays are weighed heavily against the State, while more

"neutral" reasons, such as negligence or overcrowded dockets, are weighed less heavily against it. *Zamorano*, 84 S.W.3d at 649. However, delay which is attributable in whole or in part to the defendant can weigh against the defendant and may even constitute a waiver of a speedy trial claim. *Barker*, 407 U.S. at 529; *Murphy v. State*, 280 S.W.3d 445, 453 (Tex. App.—Fort Worth 2009, pet. ref'd) (noting defendant was responsible for the delay when defendant requested and further agreed to numerous continuances). "In the absence of an assigned reason for the delay, a court may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay." *Dragoo*, 96 S.W.3d at 314.

The record shows that only one month elapsed between appellant's first application for a bench warrant until he was returned to Dallas County, and less than a month elapsed from the time he filed a motion for speedy trial and received a first trial setting. Appellant's case was passed over nine times between September 2012 and March 2013. After three more settings, the case went to trial on May 28, 2013. None of the numerous passes appear to be objected to by either the State or appellant; therefore, we should not presume either a valid reason or a deliberate attempt by the State to prejudice the defense. *See Dragoo*, 96 S.W.3d at 314; *Starks v. State*, 266 S.W.3d 605, 611 (Tex. App.—El Paso 2008, no pet.). Thus, this factor does not weigh in favor of either party.

As to the third factor–assertion of his right to a speedy trial–the record weighs against appellant. A defendant's failure to make a timely demand for a speedy trial indicates strongly that he did not really want one and that he was not prejudiced by not having one. *Shaw*, 117 S.W.3d at 889. Furthermore, the longer the delay becomes, the more likely it is that a defendant who really wanted a speedy trial would take some action to obtain one. *Id*. Thus, a defendant's inaction weighs more heavily against a violation the longer the delay becomes. *Id*.

–4

Appellant's first request for a speedy trial was on August 1, 2012 after he was indicted on October 14, 2009. As such, appellant's inaction for almost three years strongly indicates appellant did not really want a speedy trial. Moreover, once appellant was returned to Dallas County, he was offered a plea bargain on September 6, 2012. His case then continued to be reset without further action on his part until February 2013.

On February 12, 2013, appellant filed a motion to dismiss. He filed a second motion to dismiss on March 28, 2013. Contemporaneously requesting a speedy trial and dismissal weakens a defendant's case for a speedy trial violation. *Cantu*, 253 S.W.3d at 283. Requesting dismissal of the charges, rather than requesting a prompt trial setting, indicates a "desire to have no trial instead of a speedy one." *Id*. Therefore, appellant's motion to dismiss the charges against him reflects he wanted no trial, rather than a speedy trial. Accordingly, this factor weighs against appellant.

Finally, we consider possible prejudice against appellant. When a court analyzes the prejudice to the defendant, it must do so in light of the defendant's interests that the speedy trial right was designed to protect: (1) to prevent oppressive pretrial incarceration, (2) to minimize the accused's anxiety and concern, and (3) to limit the possibility that the accused's defense will be impaired. *Id*. at 285. Of these types of prejudice, the last is the most serious "because the inability of a defendant adequately to prepare his case skews the fairness of the entire system." *Id*. (citing *Dragoo*, 96 S.W.3d at 315). Further, it is well-established that a defendant incarcerated on another charge is entitled to the same speedy trial rights as a defendant on bail. *See Chapman v. Evans*, 744 S.W.2d 133, 137 (Tex. Crim. App. 1988) (orig. proceeding). Such a defendant may (1) lose the possibility that he might receive a sentence at least partially concurrent with the one he is presently serving; (2) have the duration of the present imprisonment increased and conditions under which he must serve his sentence greatly

–5

worsened; and (3) suffer from the same anxiety and depression of the defendant at large under a pending charge. *Id.*; *see also Smith v. Hooey*, 393 U.S. 374, 378 (1969).

In his motion, appellant argued the delay prejudiced him because he was sentenced to a term of imprisonment in Tarrant County, and the State's failure to resolve his case prior to incarceration negatively impacted the possibility of concurrent sentencing. Further, he argued his claim involved a confidential informant, and the ability to locate the confidential informant, as well as other witnesses, was hindered by the passage of time.

To make a showing of some prejudice due to missing witnesses, a defendant is required to show the witnesses were unavailable, their testimony might be material and relevant to the case, and that he has exercised due diligence in attempting to locate the witnesses and produce them for trial. *Gupta v. State*, No. 05-12-00861-CR, 2013 WL 4041548, at *7 (Tex. App.—Dallas Aug. 9, 2013, no pet.) (not designated for publication); *Prihoda v. State*, 352 S.W.3d 796, 805 (Tex. App.—San Antonio 2011, pet. ref'd) (holding that statement by defense that it "has lost two key witnesses and have been substantially prejudiced" was not enough to show prejudice in delay of trial). Here, the record shows nothing more than defense counsel's statement that "Any witnesses have long gone or [are] difficult to locate." Appellant did not provide the names of any witnesses, state that the witnesses are unavailable, explain any attempts he made to locate the witnesses, or describe the relevance of the witnesses' testimony. Thus, we cannot conclude appellant has shown the passage of time has prejudiced his ability to prepare his case.

As to his claim regarding concurrent sentencing, the record indicates the State provided two opportunities for appellant to plead to the charge–once on May 23, 2011 and a second time on September 6, 2012. Furthermore, once appellant was returned to Dallas County, rather than proceed to trial, he seemingly agreed to resettings. Thus, any presumption of prejudice regarding

concurrent sentencing is diminished by appellant's acquiescence to the various delays prior to his trial. *See Dragoo*, 96 S.W.3d at 316 (presumption of prejudice is extenuated by defendant's longtime acquiescence in the delay).

Finally, appellant argues he was prejudiced because a detainer was placed on him, which caused him to be denied parole in Tarrant County. However, again his argument overlooks the fact he was returned to Dallas County within one month of his request, and he did not complain about any subsequent delays or resetting of his case until months later. Accordingly, appellant failed to demonstrate prejudice, and this factor weighs against finding a violation of his speedy trial right.

Having addressed the four *Barker* factors, we must now balance them. Weighing in favor of finding a violation of appellant's speedy trial right is the excessive delay. The reason for the delay is neutral, as the record clearly indicates the case was repeatedly reset but the reasons for the resettings are unclear. Therefore, we may presume neither a deliberate attempt on the part of the State to prejudice the defense nor a valid reason for the delay. Weighing against finding a violation of the right is appellant's failure to demonstrate prejudice, his acquiescence to the eleven-month delay after his return to Dallas County, and his requests to dismiss the charges against him. We hold that the weight of the four factors, balanced together, is against finding a violation of appellant's right to a speedy trial. Appellant's first issue is overruled.

## Trial Court's Jurisdiction

In his second issue, appellant argues the 291st District Court of Dallas County, Texas did not obtain jurisdiction over the indictment because the indictment was returned from Criminal District Court Number Seven of Dallas County, Texas, and no transfer order appears in the record. Courts have held that when a record does not contain a transfer order, the error is one of procedure and not jurisdiction. *See Lemasurier v. State*, 91 S.W.3d 897, 899 (Tex. App.—Fort

–7

Worth 2002, pet. ref'd); *Bridwell v. State*, No. 05-07-00258-CR, 2008 WL 467271, at *2 (Tex. App.—Dallas Feb. 23, 2008, no pet.) (not designated for publication). The absence of a transfer order in the record does not render the actions of the transferee court void. *Lamasurier*, 91 S.W.3d at 899; *Bridwell*, 2008 WL 467271, at *2. Rather, it merely makes the transferee court's action subject to a timely plea to the jurisdiction. *Lamasurier*, 91 S.W.3d at 899. If a defendant fails to file a timely plea to the jurisdiction, he waives any right to complain that a transfer order does not appear in the record. *Mills v. State*, 742 S.W.2d 832, 835 (Tex. App.—Dallas 1987, no writ); *Bridwell*, 2008 WL 467271, at *2.

Appellant did not file a plea to the jurisdiction. Moreover, appellant admits the case law is well-settled against him and appears to ask us to revisit the issue because the cases "simply cite to their antecedents without any Constitutional or statutory authority for the proposition that a jurisdictional defect can be cured by procedural default." We decline his invitation to revisit the issue. *Id.* at *3 (declining invitation to reconsider transfer order issue for the same reasons). We overrule appellant's second issue.

## Conclusion

Having overruled appellant's issues, the judgment of the trial court is affirmed.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

Do Not Publish
Tex. R. App. P. 47

130876F.U05

–8



## Court of Appeals
## Fifth District of Texas at Dallas

## **JUDGMENT**

JON PAUL GOFF, Appellant

No. 05-13-00876-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 291st Judicial District
Court, Dallas County, Texas
Trial Court Cause No. F-0918879-U.
Opinion delivered by Justice O'Neill.
Justices Myers and Brown participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 22nd day of January, 2014.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE