# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-26-00319-CV

### In re Jeffrey Lee Gaston

### ORIGINAL PROCEEDING FROM HAYS COUNTY

## M E M O R A N D U M   O P I N I O N

Relator Jeffrey Lee Gaston, an inmate with the Texas Department of Criminal Justice (TDCJ), has filed a pro se submission entitled "Demand for the speedy final and fair resolution of matters or Dismissal with prejudice: Application for Habeas corpus (speedy trial) and mandamus." As a preliminary matter, it is not clear that relator intended to file his submission with this Court: the caption refers only to "Hays County, Texas Court – District Court Presiding Judge," and it was received by mail in the Fourteenth Court of Appeals on March 23, 2026, and forwarded to the Clerk of this Court who filed it as a petition for an original proceeding. For the reasons herein, we deny the petition. *See* Tex. R. App. P. 52.8(a).

Relator complains that, while he is currently serving a sentence for a criminal conviction, he is being denied a speedy trial on another criminal charge or charges that remain pending in Hays County, Texas. In support of his complaint, he cites a "letter of official notice" from the TDCJ (not included with his petition) indicating that, upon final release in 2068 (or

upon parole, if any, possibly as early as 2046), he will be transferred on a detainer to Hays County, Texas, to await prosecution of pending charges.

"It is well established that a defendant incarcerated on another charge is entitled to the same speedy trial rights as a defendant on bail. The relator's status as a prisoner can neither prejudice his speedy trial rights nor serve as a justification for delay on the part of the State." *Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex. Crim. App. 1988). However, relator's petition and the record provided fail to establish his right to seek relief from this Court. A pretrial habeas application may not be used to assert the constitutional right to a speedy trial, *see, e.g., Ex parte Doster*, 303 S.W.3d 720, 724 (Tex. Crim. App. 2010), and a defendant seeking to compel the dismissal of an indictment or complaint on speedy trial grounds ordinarily has an adequate remedy by direct appeal and therefore is not entitled to mandamus. *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, no pet.) (*citing Smith v. Gohmert*, 962 S.W.2d 590, 593 (Tex. Crim. App. 1998)). Therefore, whether considered as a petition for mandamus or an application for habeas, it is not clear that this Court has jurisdiction of relator's claim.

To the extent Gaston does seek mandamus relief that may be within this Court's jurisdiction to grant, it is his burden to properly request and show entitlement to the relief sought. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992); *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.–Amarillo 2004, orig. proceeding); *see also Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.–Houston [1st Dist.] 1992, orig. proceeding) (per curiam) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks"). In this regard, the relator must provide the reviewing court with a record sufficient to establish his right to mandamus relief. *See Walker*, 827 S.W.2d at 837; *see also* Tex. R. App. P. 52.3(l)(1)(B) (providing that "[t]he petition must … contain … a certified or sworn copy of … any …

document showing the matter complained of"); *id.* R. 52.7(a)(1) (relator must file with petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding"). Here, relator's omission of any record or appendix that complies with the foregoing rules makes it impossible for us to determine whether we have jurisdiction of his petition or, if so, whether his asserted ground for relief has merit.

Based on his failure to provide any record, we conclude that Gaston has failed to show an entitlement to relief, and deny the petition without prejudice.

_____

Rosa Lopez Theofanis, Justice

Before Chief Justice Byrne, Justices Theofanis and Crump

Filed: April 24, 2026

3