**Charles Robert CASEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–83–663–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 2, 1984.

Rehearing Denied Oct. 25, 1984.

Stanley Schneider, Houston, for appellant.

Calvin Hartmann, Houston, for appellee.

Before JUNELL, MURPHY and SEARS, JJ.

## OPINION

MURPHY, Justice.

This is an appeal from a conviction for escape pursuant to Tex.Penal Code Ann. Sec. 38.07 (Vernon 1974). The appellant waived trial by jury and entered a plea of not guilty. The trial court found appellant guilty and assessed punishment at two years confinement in the Texas Department of Corrections. We affirm.

The record reflects appellant was arrested and charged with the felony offense of kidnapping on January 29, 1983. Bail was set at $2,000. Appellant, never released from custody due to his failure to make bond, was escorted by Deputy Sheriff J.K. Shipley to a twenty-four hour hearing on January 31, 1983. After hearing the evidence the court increased appellant's bond to $20,000 and ordered the Deputy to "take Casey into custody." Appellant then ran from the courtroom and was apprehended approximately 20 feet outside the courtroom door.

Appellant went to trial by way of written stipulated evidence as set forth:

On January 31, 1983, at 9:30 a.m. at 301 San Jacinto, Houston, Harris County,

Robert Charles Casey reported to the 228th District Court for purposes of a 24 hr. hearing. On motion of the State, Honorable Ted Poe, Judge 228th District Court raised Charles Robert Casey's bond. Bond was raised to $20,000.00. Judge Poe ordered Deputy Shipley to take Casey into custody. Deputy Shipley ordered Casey to go with him twice. After the second order, Casey broke and ran from [sic] courtroom. Casey was apprehended outside the courtroom approximately 20 feet from the courtroom door. Casey struggled with Deputy Shipley. Casey was subdued by Deputy Shipley with the assistance of four Houston Police Officers.

Additionally, appellant stipulated orally that Deputy Shipley was a deputy sheriff with the Harris County Sheriff's Department.

■ Appellant contends in his first ground of error the trial court erred in overruling his motion to quash the indictment.[1] Specifically, appellant argues the indictment fails to adequately notify him of the offense alleged because it failed to state (1) the authority under which J.K. Shipley was acting when he placed appellant into custody and (2) the manner in which the appellant's conduct constituted an escape. We disagree.

In *Farmer v. State*, 540 S.W.2d 721 (Tex. Cr.App.1976), the indictment alleged that the defendant escaped from the *custody* of W.E. Heeter. The indictment did not specify in what capacity W.E. Heeter was acting when he placed the defendant in custody. After defining custody,[2] the Court of Criminal Appeals reasoned "... by its legal definition appellant was put on notice that Heeter was either a peace officer or a public servant acting pursuant to an order of the court." *Id.* at 722. Additionally,

there was a stipulation by Farmer that he was in the custody of Officer W.E. Heeter. After taking all this into consideration, the court held that the failure to allege the capacity of the custodian did not render the indictment fatally defective. *Id.*

In appellant's brief, he cites no authority for his contention that the indictment failed to give adequate notice as to the manner in which his conduct constituted an escape. Texas courts have held similar indictments afforded adequate notice where there was no allegation of the manner of escape. The indictment in this case follows the language of the escape statute.[3] We see no reason to require that the State plead more than the language of the escape statute in the absence of legislative intent or known principles of law to the contrary. *Rowl v. State*, 547 S.W.2d 612 (Tex.Cr.App.1977); *Booker v. State*, 523 S.W.2d 413, 414 (Tex. Cr.App.1975).

In the case at bar, we feel that the indictment was sufficient to afford adequate notice and with the stipulation by the appellant that J.K. Shipley was a deputy sheriff, we find no error. Appellant's first ground of error is overruled.

Appellant complains in his second ground of error that the evidence is insufficient to support his conviction because Deputy J.K. Shipley had not detained, arrested or restrained appellant by merely commanding him to come along. We disagree.

In order to find appellant guilty of escape, pursuant Section 38.07 of the Texas Penal Code, the State must present evidence to show that appellant was "detained or arrested by a peace officer" or "restrained by a public official pursuant to a court order" at the time that he made an unauthorized departure from custody.

---

1. "... intentionally and knowingly escape from the custody of J.K. Shipley after having been charged with the felony offense of kidnapping..." *formal portions omitted.*

2. "... 'Custody' means detained or under arrest by a peace officer or under restraint by a public servant pursuant to an order of the court." Tex. Penal Code Ann. Sec. 38.01(2) (Vernon 1974).

3. ... § 38.07 *Escape*
(a) a person arrested for, charged with, or convicted of an offense commits an offense if he escapes from custody. Tex.Penal Code Ann. Sec. 38.07 (Vernon 1974).

Appellant is correct in his contention that Chapter 38 of the Penal Code does not define the terms "detained," "arrest" or "restraint." However, when words in a criminal statute are not defined, the words employed are given their plain meaning. Tex.Penal Code Ann. Sec. 1.05(b) (Vernon 1974); *Campos v. State,* 623 S.W.2d 657, 658 (Tex.Cr.App.1981).

Black's Law Dictionary, Fifth Edition, defines "detain," "arrest" and "restraint" as follows:

Detain. To restrain as to possession of personalty. *To arrest,* to check, to delay, to hinder, to hold or *keep in custody,* to retard, to restrain from proceeding, to stay, to stop.

Arrest. *To deprive a person of his liberty by legal authority.* Taking, under real or assumed authority, *custody of another* for the purpose of holding or detaining him to answer a criminal charge or civil demand.

Restraint. Confinement, abridgement, or limitation. Prohibition of action; holding or pressing back from action. Hinderance, confinement, or *restriction of liberty.* Obstruction hinderance or distruction of trade or commerce. (Emphasis added.)

The word "detain" means to arrest and the word "arrest" means to *deprive a person of his liberty by legal authority.* This is done by *taking custody of another* for the purpose of holding or detaining him to answer a criminal charge. Black's Law Dictionary defines "custody" as:

... the detainer of a man's person by virtue of lawful process or authority. The term is very elastic and may mean *actual imprisonment or physical detention or mere power, legal or physical,* of imprisoning or of taking manual possession. (Emphasis added.)

*See also Scott v. State,* 672 S.W.2d 465 (Tex.Cr.App.1984).

Under the facts of this case, we hold that the evidence is sufficient to support appellant's conviction. Once the trial court raised appellant's bond and ordered Deputy Sheriff J.K. Shipley to take appellant into custody, appellant was deprived of his liberty by the court's legal authority or power. There was no need for Deputy Sheriff J.K. Shipley to take manual possession of appellant to take him into custody. Accordingly, appellant's second ground of error is overruled.

The Judgment of the trial court is affirmed.