James P. THOMPSON, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–90–0216–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 24, 1991.

Elizabeth L. DeRieux, Huntsville, for appellant.

Travis L. McDonald, Jr., Huntsville, for appellee.

Before PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PRESSLER, Justice.

After a plea of not guilty, appellant was convicted by the court of possession of a controlled substance in a penal institution. TEX.REV.CIV.STAT.ANN. art. 6184m. The court assessed punishment at five years in the Texas Department of Criminal Justice–Institutional Division. We reverse and render for acquittal.

Appellant was found to be in possession of .46 ounce of marijuana during a routine search at the Huntsville Unit of the Texas Department of Criminal Justice–Institutional Division, on September 16, 1987. On February 11, 1988, appellant was indicted for this possession. The State announced ready for trial on February 5, 1988. Eight months later, the court set the trial date as December 4, 1989. Appellant filed two Writs of Mandamus. The opinions denying these writs were issued November 14, 1989, and January 19, 1990. On February 22, 1990, two years after the State announced ready for trial, the trial proceeded. There was a pre-trial hearing on appellant's claims of double jeopardy and denial of a speedy trial. These were denied by the court. During the trial, the appellant stipulated that the allegations in the indictment were true and introduced no evidence to contradict the charges. Appellant based his not guilty plea on double jeopardy and denial of a speedy trial.

■ In his first point of error, appellant claims the trial court erred in denying his motion to dismiss the indictment for failure to provide a speedy trial. The appellant is guaranteed the right to a speedy trial by the Sixth Amendment of the U.S. Constitution as applied through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The same right is guaranteed by Art. I, Section 10 of the Texas Constitution, and Art. 1.05 of the Texas Code of Criminal Procedure. The United States Supreme Court set forth four factors to be considered in determining whether a defendant has been denied his constitutional right to a speedy trial. The factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of the right, and (4) the prejudice to the defendant resulting from the delay. *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *See also Moore v. Arizona*, 414 U.S. 25, 94 S.Ct. 188, 38 L.Ed.2d 183 (1973); *Turner v. State*, 545 S.W.2d 133 (Tex.Crim.App.1976). These factors are applied on a *ad hoc* basis as a balancing test in which the conduct of the prosecution and the defendant are weighed. *Barker*, 407 U.S. at 530, 92 S.Ct. at 2191.

■ There is no exact length of the delay which constitutes a violation of the right to a speedy trial. *Easley v. State*, 564 S.W.2d 742, 744 (Tex.Crim.App.1978), *cert. denied*, 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). The length of delay is measured from the time the defendant is formally accused or arrested until time of trial. *Dillingham v. United States*, 423 U.S. 64, 96 S.Ct. 303, 46 L.Ed.2d 205 (1975); *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). Here, appellant was indicted on February 11, 1988. The time between the return on the indictment and the trial was two years and eleven days. Such a delay is not, per se, a deprivation of the appellant's right to a speedy trial but is a fact which merits further consideration of the appellant's claim. *See Turner*, 545 S.W.2d at 137.

■ The prosecution testified that the reason for the delay in this case was primarily the crowded condition of the court's docket. The United States Supreme Court in *Barker* stated, "[a] more neutral reason such as negligence or overcrowded courts

should be weighed less heavily [against the government] but nevertheless should be considered since ultimately the responsibility for such circumstances must rest with the government rather than with the defendant." *Barker,* 407 U.S. at 531, 92 S.Ct. at 2192; *Phillips v. State,* 650 S.W.2d 396, 400 (Tex.Crim.App.1983). The constitutional right to a speedy trial governs the entire criminal justice process, not only prosecutorial delays. Thus, an overcrowded docket is a factor to be considered but will not by itself excuse trial delays. *See Chapman v. Evans,* 744 S.W.2d 133, 136 (Tex.Crim.App. 1988).

The primary burden is on the prosecution and the courts to insure that defendants are speedily brought to trial. *Turner v. State,* 504 S.W.2d 843, 845 (Tex.Crim.App. 1974). The trial court and the prosecution are under an affirmative duty to prevent an unreasonable delay. *Wilson v. Bowman,* 381 S.W.2d 320, 321 (Tex.1964). Here, the prosecution justifies the delay only with testimony indicating a congested trial docket.

The state concedes that the appellant asserted his right at every opportunity that was afforded. Appellant first asserted his right in a pro se motion filed eighteen days after his indictment was returned and subsequently in two motions to the court. The state admits that the appellant asserted his right to a speedy trial.

Appellant has the duty to show some type of prejudice resulting from the delay imposed. *Harris v. State,* 489 S.W.2d 303, 308 (Tex.Crim.App.1973). The right to a speedy trial is designed to protect three general interests: (1) prevention of oppressive pre-trial incarceration; (2) minimization of anxiety and concern of the accused; and, (3) limitation of the possibility that the defense will be impaired. *Barker v. Wingo,* 407 U.S. at 532, 92 S.Ct. at 2192; *Grayless v. State,* 567 S.W.2d 216, 221 (Tex. Crim.App.1978). Appellant asserts that he was prejudiced in two major ways: (1) in the presentation of his defense, and (2) in suffering anxiety and frustration in the two year delay.

Appellant claims that the death of one of his witnesses prejudiced him during his trial. The witness was appellant's "counsel substitute" during a disciplinary proceeding conducted in prison for the same offense for which the appellant was later indicted and tried. Appellant's "counsel substitute" was killed in an automobile accident on February 2, 1989, approximately one year after the indictment was returned. Appellant asserts that a "deal" was struck whereby appellant would plead guilty at the institutional disciplinary hearing in return for immunity from prosecution by the state. The state put on witnesses who testified that the appellant's "counsel substitute" did not have the power or the authority to make deals with inmates concerning future state prosecutions. The appellant was unable to present admissible testimony to refute the state's contention. Regardless of whether a deal was struck, appellant's "counsel substitute" played an important role during appellant's disciplinary hearing. The absence of this witness at the trial impaired the appellant's defense. *See Barker,* 407 U.S. at 532, 92 S.Ct. at 2192. Appellant further asserts that his defense was prejudiced by the destruction of an audio tape of the institutional disciplinary proceeding. This tape recording was erased while in the possession and control of the State, during the delay between appellant's indictment and trial. The tape was erased two years after appellant's indictment. Destruction of a tape recording by the State which may be used by the defense in a criminal proceeding after a two year delay clearly impairs that defense. Appellant also claims he has suffered anxiety and frustration during the two year delay. Such has been considered in other cases. This is easy to claim and being merely subjective is difficult to determine. It will not be considered here.

None of the four factors involved are alone either a necessary or sufficient condition to finding a deprivation of the right to a speedy trial. *Turner v. State,* 545 S.W.2d 133, 139 (Tex.Crim.App.1976). They must be considered together in a sensitive balancing process. *Id.* Under the particular circumstances of this case it ap-

pears that the right to a speedy trial has been violated.

Sustaining appellant's first point disposes of this case. The second point of error is not reached. The conviction is reversed and the court below is directed to enter a judgement of acquittal.