**Buck CROWDER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. A14–90–808–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 13, 1991.

Discretionary Review Refused
Sept. 11, 1991.

64

Shelley M. Solow, Huntsville, for appellant.

B.N. Tucker, Huntsville, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and CANNON, JJ.

## OPINION

J. CURTISS BROWN, Chief Justice.

Appellant was convicted by a jury for the offense of felony escape. TEX. PENAL CODE ANN. § 38.07(a)(1) & (c)(2) (Vernon 1989). The trial court assessed punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of four years. In two points of error, appellant asserts that he was denied the right to a speedy trial, and that the evidence is insufficient to support his conviction. We affirm.

In his first point of error, appellant complains that the trial court erred in denying his motion to dismiss for lack of a speedy trial. The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution as applied through the Fourteenth Amendment. *Klopfer v. North Carolina*, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967). The same right is assured by Art. I, Sec. 10, of the Texas Constitution and Art. 1.05 of the Texas Code of Criminal Procedure. *See, e.g., Hull v. State*, 699 S.W.2d 220, 221 (Tex. Crim.App.1985).

In determining whether an accused has been denied the right to a speedy trial, we must employ a balancing test as set out by the United States Supreme Court in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The factors to be considered are: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice to the defendant resulting from the delay. *Id.; see also Hull*, 699 S.W.2d at 221; *Turner v. State*, 545 S.W.2d 133, 136 (Tex.Crim.App.1976). We will consider each of these factors as applied to the record before us.

## LENGTH OF DELAY

■ The length of delay is measured from the time the defendant is formally accused or arrested until the time of trial. *United States v. Marion*, 404 U.S. 307, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). No specific length of delay automatically constitutes a violation of the right to a speedy trial. *Hull*, 699 S.W.2d at 221; *Easley v. State*, 564 S.W.2d 742, 744 (Tex.Crim.App. 1978), *cert. denied*, 439 U.S. 967, 99 S.Ct. 456, 58 L.Ed.2d 425 (1978). In the present case, appellant was indicted on June 11, 1987. Appellant's trial began on August 13, 1990, resulting in a delay of approximately three years and two months. Such a delay is more than sufficient to require a further examination of appellant's speedy trial claim. *See Chapman v. Evans*, 744 S.W.2d 133, 136 (Tex.Crim.App.1988).

## REASON FOR DELAY

■ In considering the reason for the delay, different weight should be assigned to different reasons. Deliberate attempts to hamper the defense weigh heavily against the State, and circumstances such as missing witnesses will justify the delays, but in most instances the delay will be caused by more neutral reasons such as overcrowded court dockets which are weighed less heavily against the State. *Barker*, 407 U.S. at 531, 92 S.Ct. at 2192, 33 L.Ed.2d at 117; *Turner*, 545 S.W.2d at 137.

■ The reason for the delay in the present case is not well developed in the record. There is no evidence of any deliberate or intentional acts by the State or the trial court in an effort to delay appellant's trial. On the contrary, the State announced ready for trial and requested a trial setting on June 17, 1987. The appellant did not announce ready until June 15, 1990. There is no indication in the record that appellant ever requested a trial setting. On March 14, 1989, appellant filed a pro se motion to dismiss due to a missing witness, Officer Bryant. Officer Bryant later testified at trial, although for the State. While a missing witness can serve as a justification for the delay, the record here does not substantiate that this was in fact the reason for the delay. When appellant's oral motion to dismiss for lack of a

speedy trial was heard, no testimony was introduced concerning the reason for the delay. The State argues that the reason for the delay was the crowded condition of the court's docket. Again, however, the record contains no testimony which would substantiate this argument. The burden of excusing the delay rests with the State and in light of a silent record, it must be presumed that no valid reason for the delay existed. *Turner*, 545 S.W.2d at 137–38.

### APPELLANT'S ASSERTION OF HIS RIGHTS

 A defendant's assertion of his speedy trial right is entitled to strong evidentiary weight in determining whether the defendant is being deprived of the right. Failure to assert the right, however, will make it difficult to prove that he was denied a speedy trial. *Barker*, 407 U.S. at 531–32, 92 S.Ct. at 2192–93, 33 L.Ed.2d at 117–18.

 On December 20, 1988, appellant sent a letter to the district attorney's office requesting that he be bench warranted back to stand trial, or that the charge against him be dismissed. In support of his position, appellant stated that his main witness, Officer Bryant, had "quit T.D.C." and, therefore, an excessive delay would prevent him from effectively defending himself. Appellant then filed a pro se motion to dismiss the charges against him on March 14, 1989. Appellant again asserted that an excessive delay would cause prejudice to his defense in that he had already lost his main witness. Appellant also sought dismissal on the ground of insufficiency of the evidence. Appellant took no other action until June 15, 1990, when he announced ready for trial in open court. Appellant did not assert a speedy trial claim at that time. On August 13, 1990, pre-trial motions were heard. Again, appellant did not assert a speedy trial claim. Finally, on August 14, 1990, appellant moved for a dismissal due to the lack of a speedy trial.

Based upon our review of the record before us, it is clear that appellant's prime objective was not to gain a speedy trial, but was instead an attempt to have the charge against him dismissed. Although a motion to dismiss can notify the State and the court of a speedy trial claim, a defendant's motivation in asking for dismissal rather than a prompt trial is clearly relevant, and may sometimes attenuate the strength of his claim. *See Phillips v. State*, 650 S.W.2d 396, 401 (Tex.Crim.App. [Panel Op.] 1983) (citing *McCarty v. State*, 498 S.W.2d 212, 215–16 (Tex.Crim.App.1973)).

### PREJUDICE TO THE APPELLANT

 There are three interests to be considered when determining prejudice to the defendant. These are: (1) to prevent oppressive pre-trial incarceration; (2) to minimize anxiety and concern of the accused; and (3) to limit the possibility that the defense will be impaired. *Barker*, 407 U.S. at 532, 92 S.Ct. at 2193. Proof of "actual prejudice" is not required. The defendant must only make "some showing" that the delay has been prejudicial. *Phillips*, 650 S.W.2d at 401.

 Appellant argues that the excessive delay has impaired his defense in two ways. First, appellant argues that the unavailability of one of his witnesses prejudiced his defense. The witness, Captain Currie, had moved to Tennessee six months before appellant's trial. Although appellant is not required to show that Captain Currie would have definitely testified in his favor, appellant must at least make some showing that Captain Currie was a "material" witness, in the sense that he was believed to know about the facts of the offense. *See Phillips*, 650 S.W.2d at 402. Appellant has failed to meet this burden. The record is completely void of any evidence indicating that Captain Currie had any involvement in appellant's case.

 Appellant also argues that his defense was prejudiced by the destruction of the audio recordings of the institutional disciplinary court proceedings. The State acknowledged that the tapes were unavailable at trial in that they were destroyed after two years. Destruction of a disciplinary tape recording by the State which

may be used by the defense in a criminal proceeding can impair that defense. *See Thompson v. State,* 804 S.W.2d 577, 579 (Tex.App.—Houston [14th Dist.] 1991, no pet.). In *Thompson,* however, the appellant made a clear showing of prejudice directly attributable to the loss of the tapes. *Id.* at 579. In the present case, appellant has made no showing of prejudice from the loss of the tapes. Furthermore, the disciplinary tape recordings were discoverable. *See* Tex.Code Crim.Proc.Ann. art. 39.14 (Vernon 1979). Appellant did not file a motion for discovery until the day of trial, August 13, 1990. Clearly, any prejudice resulting from the unavailability of the tapes at trial can at least partially be attributed to the appellant's failure to move for their production for over three years.

CONCLUSION

We must now engage in a difficult and sensitive balancing process in which none of the four factors alone are either necessary or sufficient to a finding of deprivation of the right to a speedy trial. *See Barker,* 407 U.S. at 533, 92 S.Ct. at 2193. In this case we find a delay of more than three years and two months between indictment and trial. Although the State requested a trial setting early, the delay is essentially unexplained. Further, rather than actively and persistently asserting his right to a speedy trial, appellant sought dismissal of the charges against him. Finally, appellant has failed to make some showing of prejudice resulting from the delay. Under the circumstances of this case, we hold that appellant was not denied his right to a speedy trial. Appellant's first point of error is overruled.

Appellant's second point of error asserts that the evidence is insufficient to support his conviction. The offense of escape is comprised of three elements: (1) escape (2) from custody (3) after having been arrested for, charged with or convicted of an offense. *Scott v. State,* 672 S.W.2d 465, 466 (Tex.Crim.App.1984). The offense is a felony if the accused "is confined in a penal institution." Tex.Penal Code Ann. § 38.07(c)(2) (Vernon 1989). Es-

cape is defined as an "unauthorized departure from custody...." Tex.Penal Code Ann. § 38.01(3) (Vernon 1989). The fact that appellant was confined in a penal institution after having been convicted of an offense is not disputed. The question then becomes whether appellant made an unauthorized departure from that custody. Appellant argues that he never departed from the custody of the prison officials since the evidence fails to show that he left the confines of the prison unit, or that he was apprehended in an unauthorized area. We disagree.

In reviewing the sufficiency of the evidence, an appellate court must determine whether, viewing the evidence in a light most favorable to the verdict, a rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); *Butler v. State,* 769 S.W.2d 234, 239 (Tex. Crim.App.1989). The appellate courts ensure only the rationality of the factfinder, serving as a final due process safeguard. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex. Crim.App.1988). The jurors are the exclusive judges of the facts, the credibility of the witnesses, and the weight given to their testimony. *Bonham v. State,* 680 S.W.2d 815, 819 (Tex.Crim.App.1985), *cert. denied,* 474 U.S. 865, 106 S.Ct. 184, 88 L.Ed.2d 153 (1985).

The record reveals that on April 18, 1987, appellant was not in his cell at the Walls prison facility in Huntsville when the evening "count" was taken. Appellant's bed had been stuffed with books and clothing to make it appear as if it was occupied. After it was determined that appellant was not in any other assigned area, a search was initiated. Appellant was found hiding under some construction material in a crawl space between the craft shop and the unit's north wall. Appellant had covered himself with a blanket, and had in his possession a pair of shorts which had been dyed black. Officer Bryant, the correctional officer who found the appellant, testified that this location was a restricted area to which inmates are forbidden to go. Officer

Losack, the building major for the Walls Unit, testified that an inmate is not in custody if he is in a restricted area.

Once he departed from his assigned area and entered a restricted portion of the prison facility, appellant was no longer in the custody of the prison officials. The fact that the appellant did not breach the prison's outer boundary has no bearing on this issue. *See Scott,* 672 S.W.2d at 466. Viewing the evidence in a light most favorable to the verdict, we find that a rational trier of fact could have found beyond a reasonable doubt that appellant made an unauthorized departure from custody. Appellant's second point of error is overruled.

The judgment of conviction is affirmed.