6-96-028-CV Long Trusts v. Dowd 













In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-03-00042-CV


______________________________





IN RE: CALVIN RAY CASH









 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Ross and Carter, JJ.


Memorandum Opinion by Justice Carter







MEMORANDUM OPINION



 Calvin Ray Cash filed a petition for writ of mandamus with this Court asking us to direct the
respondent, the Honorable Robert E. Newson, Judge of the 8th Judicial District Court of Hopkins
County, Texas, to appoint counsel for him under Chapter 64 of the Texas Code of Criminal
Procedure. Trial courts shall appoint counsel for indigent individuals seeking post-conviction DNA
testing of evidence. Tex. Code Crim. Proc. Ann. art. 64.01(c) (Vernon Supp. 2003). 

 Our power to issue writs of mandamus is not of constitutional origin, but is instead a creature
of statute. A & T Consultants, Inc. v. Sharp, 904 S.W.2d 668, 685 (Tex. 1995) (Hecht, J.,
dissenting). Section 22.221(b) of the Texas Government Code governs our jurisdiction to grant
mandamus relief:

 Each court of appeals for a court of appeals district may issue all writs of mandamus,
agreeable to the principles of law regulating those writs, against a:

 (1) judge of a district or county court in the court of appeals district; or

 (2) judge of a district court who is acting as a magistrate at a court of
inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals
district.


Tex. Gov't Code Ann. § 22.221(b) (Vernon Supp. 2003). Cash's petition seeks relief against a
district court judge. Accordingly, we have jurisdiction to consider the merits of Cash's petition. (1)

 To be entitled to mandamus relief, the relator must demonstrate (1) that no other adequate
remedy at law exists and (2) that under the law and facts relevant to the case, the act sought to be
compelled is purely ministerial. In re Rodriguez, 77 S.W.3d 459, 460 (Tex. App.-Corpus Christi,
2002, orig. proceeding). 

 In the instant matter, it has been called to our attention that the trial court has now appointed
counsel to represent Cash in his pursuit of DNA testing. Cash's petition for writ of mandamus is
moot. For this reason, we dismiss the petition. 



 Jack Carter

 Justice


Date: March 19, 2003

1. We also have jurisdiction over this matter to enforce our order in Cash v. State, No. 06-02-00191-CV (Tex. App.-Texarkana Feb. 4, 2003, orig. proceeding), in which we conditionally
granted Cash's petition for writ of mandamus. Tex. Gov't Code Ann. § 22.221(a) (Vernon
Supp. 2003).


table, the vent cover in the ceiling had been removed and the surrounding drywall
was damaged. Further, a blanket had been rolled up and placed on the bunk so that, at a quick
glance, it would look like someone was lying in the bed. Bittick testified on cross-examination that
Glover could not have escaped from the secured area of the jail with the keys he had. 

Issues Raised on Appeal

 Glover raises as his first issue that the trial court erred in denying his request to charge the
jury on the law of escape as defined under Section 38.06 of the Texas Penal Code. See Tex. Penal
Code Ann. § 38.06. The jury charge submitted by the trial court states, in relevant part, as follows:

 Now, if you find from the evidence beyond a reasonable doubt that on or
about the 16th day of June, 2006, in Shelby County, Texas, the defendant,
MICHAEL DONNELL GLOVER did intentionally or knowingly escape from his
cell in the Center Police Department, where he was being legally confined and held
under arrest for the felony offense, to-wit: Burglary of a Building, and the defendant
was confined in a secure correctional facility, namely the Center Police Department,
then you will find the defendant "Guilty" as charged in the indictment.

 Unless you so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will find the defendant "Not Guilty". 

The jury charge requested by Glover reads, in pertinent part, as follows:

 Now, if you find from the evidence beyond a reasonable doubt that on or
about the 16th day of June, 2006, in Shelby County, Texas, the defendant,
MICHAEL DONNELL GLOVER was under arrest for a felony offense, to-wit: 
Burglary of a Building, and in the custody of Center Police Department, and that the
defendant did then and there intentionally or knowingly escape from the custody of
the Center Police Department, then you will find the defendant "Guilty" as charged
in the indictment.


 Unless you so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will find the defendant "Not Guilty". 


The jury charge requested by Glover matches the language of the statute by using the phrase "escape
from the custody of . . . ." See Tex. Penal Code Ann. § 38.06 (emphasis added). However, the jury
charge submitted by the court tracks the language of the indictment and is consistent with cases
interpreting the statute. See Scott v. State, 672 S.W.2d 465 (Tex. Crim. App. 1984); Crowder v.
State, 812 S.W.2d 63, 68-69 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). 

 Glover's apparent purpose of a requested charge restating the language was to make the
argument that, although Glover did extricate himself from his cell, he remained in a secure area of
the facility and was, therefore, still in the custody of the Center Police Department. However, Texas
courts have held that, once a prisoner leaves his or her assigned area and enters a restricted area, the
prisoner commits the offense of escape. Scott, 672 S.W.2d at 466; Crowder, 812 S.W.2d at 68-69. 
The application clause in the charge is appropriate. It allows a jury to convict based on the elements
authorized by the statute and the facts stated in the indictment. Morter v. State, 551 S.W.2d 715, 718
(Tex. Crim. App. 1977). There is no error in the charge submitted to the jury.

 Glover also contends in his pro se response that the evidence was legally and factually
insufficient to support his conviction for escape. 

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 After reviewing the evidence as detailed above, we find the evidence legally and factually
sufficient to support the conviction.

Conclusion

 We have independently reviewed the record and agree with appellate counsel that there are
no arguable points of error in this case. (1) 

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice

 

Date Submitted: October 12, 2007

Date Decided: November 20, 2007


Do Not Publish

 



1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Glover in this case. No substitute
counsel will be appointed. Should Glover wish to seek further review of this case by the Texas
Court of Criminal Appeals, Glover must either retain an attorney to file a petition for discretionary
review or Glover must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.