In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00060-CR


______________________________




MICHAEL DONNELL GLOVER, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 123rd Judicial District Court


Shelby County, Texas


Trial Court No. 06CR-16,767A




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION



 Michael Donnell Glover has appealed from his jury conviction of the offense of escape. See
Tex. Penal Code Ann. § 38.06 (Vernon Supp. 2007). The jury found the enhancement paragraphs
"true" and assessed Glover's punishment at life imprisonment and a $10,000.00 fine. Glover was
represented by appointed counsel at trial and by different appointed counsel on appeal. 

 Appellate counsel summarizes the trial in his brief and states that he has studied the record
and finds no error preserved for appeal that could be successfully argued. The brief contains a
professional evaluation of the record and advances one arguable ground for review: Was Glover's
requested jury charge improperly denied? This meets the requirements of Anders v. California, 386
U.S. 738 (1967); Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991); and High v. State, 573
S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

 Counsel mailed a copy of the brief to Glover August 10, 2007, informing Glover of his right
to examine the entire appellate record and to file a pro se response. Counsel simultaneously filed
a motion with this Court seeking to withdraw as counsel in this appeal. 

 Glover has now filed a pro se response in which he raises three issues: (1) his requested jury
charge was improperly denied; (2) the evidence is legally insufficient to support his conviction; and
(3) the evidence is factually insufficient to support his conviction. 



Evidence

 Officer Donny Dickerson, Jr., of the Center Police Department, testified he arrested Glover 
June 15, 2006, for burglary of a building and placed him in the Center Police Department jail. Charlene Jackson, a dispatcher at the Center Police Department, testified that, on June 16,
2006, she was performing her job duties, which included watching the monitors of the police and
jail facilities. She testified that, on the monitors, she saw someone walking in the book-in area. She
knew that all the officers were on call and that no one should have been in that particular area of the
facility. She further testified that the only way to get into that area was with a key or through the
ceiling. She immediately called for an officer to come to the police department. Jackson further
testified that Glover would have also needed a key to get from the book-in area to another section
of the facility.

 Jeremy Bittick testified he is a lieutenant with the Center Police Department and had been
working in law enforcement for approximately nine years. He testified that, on June 16, 2006, he
was called while out on patrol by the dispatcher to return to the department. When he arrived, he
found that the keys to the cells and the key to one of the doors in the secured area were gone and that
the door to the cell area was unlocked. He further stated he saw Glover walking toward him, with
the keys in his hand. Glover handed Bittick the keys; Bittick took Glover back to his cell and locked
him up. Bittick testified that there are different keys for the cells and for another door inside the
secured area; however, to get outside the building, a dispatcher had to "buzz" the person out through
an electronic lock. Bittick testified that, when he escorted Glover back to his cell, he saw drywall
dust on the floor that looked as though it had been swept toward the toilet; there was also dust on
the table and floor, along with small particles of the ceiling. There was a footprint in the dust on the
table; above the table, the vent cover in the ceiling had been removed and the surrounding drywall
was damaged. Further, a blanket had been rolled up and placed on the bunk so that, at a quick
glance, it would look like someone was lying in the bed. Bittick testified on cross-examination that
Glover could not have escaped from the secured area of the jail with the keys he had. 

Issues Raised on Appeal

 Glover raises as his first issue that the trial court erred in denying his request to charge the
jury on the law of escape as defined under Section 38.06 of the Texas Penal Code. See Tex. Penal
Code Ann. § 38.06. The jury charge submitted by the trial court states, in relevant part, as follows:

 Now, if you find from the evidence beyond a reasonable doubt that on or
about the 16th day of June, 2006, in Shelby County, Texas, the defendant,
MICHAEL DONNELL GLOVER did intentionally or knowingly escape from his
cell in the Center Police Department, where he was being legally confined and held
under arrest for the felony offense, to-wit: Burglary of a Building, and the defendant
was confined in a secure correctional facility, namely the Center Police Department,
then you will find the defendant "Guilty" as charged in the indictment.

 Unless you so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will find the defendant "Not Guilty". 

The jury charge requested by Glover reads, in pertinent part, as follows:

 Now, if you find from the evidence beyond a reasonable doubt that on or
about the 16th day of June, 2006, in Shelby County, Texas, the defendant,
MICHAEL DONNELL GLOVER was under arrest for a felony offense, to-wit: 
Burglary of a Building, and in the custody of Center Police Department, and that the
defendant did then and there intentionally or knowingly escape from the custody of
the Center Police Department, then you will find the defendant "Guilty" as charged
in the indictment.


 Unless you so find beyond a reasonable doubt, or if you have a reasonable
doubt thereof, you will find the defendant "Not Guilty". 


The jury charge requested by Glover matches the language of the statute by using the phrase "escape
from the custody of . . . ." See Tex. Penal Code Ann. § 38.06 (emphasis added). However, the jury
charge submitted by the court tracks the language of the indictment and is consistent with cases
interpreting the statute. See Scott v. State, 672 S.W.2d 465 (Tex. Crim. App. 1984); Crowder v.
State, 812 S.W.2d 63, 68-69 (Tex. App.--Houston [14th Dist.] 1991, pet. ref'd). 

 Glover's apparent purpose of a requested charge restating the language was to make the
argument that, although Glover did extricate himself from his cell, he remained in a secure area of
the facility and was, therefore, still in the custody of the Center Police Department. However, Texas
courts have held that, once a prisoner leaves his or her assigned area and enters a restricted area, the
prisoner commits the offense of escape. Scott, 672 S.W.2d at 466; Crowder, 812 S.W.2d at 68-69. 
The application clause in the charge is appropriate. It allows a jury to convict based on the elements
authorized by the statute and the facts stated in the indictment. Morter v. State, 551 S.W.2d 715, 718
(Tex. Crim. App. 1977). There is no error in the charge submitted to the jury.

 Glover also contends in his pro se response that the evidence was legally and factually
insufficient to support his conviction for escape. 

 In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light
most favorable to the verdict and determine whether any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt. Johnson v. State, 23 S.W.3d 1, 7 (Tex.
Crim. App. 2000).

 In a factual sufficiency review, we review all the evidence, but do so in a neutral light and
determine whether the evidence supporting the verdict is so weak or is so outweighed by the great
weight and preponderance of the evidence that the jury's verdict is clearly wrong or manifestly
unjust. Roberts v. State, 220 S.W.3d 521, 524 (Tex. Crim. App. 2007); Marshall v. State, 210
S.W.3d 618, 625 (Tex. Crim. App. 2006); Watson v. State, 204 S.W.3d 404, 414-15 (Tex. Crim.
App. 2006); Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996).

 After reviewing the evidence as detailed above, we find the evidence legally and factually
sufficient to support the conviction.

Conclusion

 We have independently reviewed the record and agree with appellate counsel that there are
no arguable points of error in this case. (1) 

 We affirm the judgment of the trial court.


 Josh R. Morriss, III

 Chief Justice

 

Date Submitted: October 12, 2007

Date Decided: November 20, 2007


Do Not Publish

 



1. Since we agree this case presents no reversible error, we also, in accordance with Anders,
grant counsel's request to withdraw from further representation of Glover in this case. No substitute
counsel will be appointed. Should Glover wish to seek further review of this case by the Texas
Court of Criminal Appeals, Glover must either retain an attorney to file a petition for discretionary
review or Glover must file a pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or the last timely motion
for rehearing that was overruled by this Court. See Tex. R. App. P. 68.2. Any petition for
discretionary review must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case. See Tex. R. App. P. 68.3. 
Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas
Rules of Appellate Procedure. See Tex. R. App. P. 68.4.