

**IN THE**
**TENTH COURT OF APPEALS**

**No. 10-13-00251-CR**

**IN RE ALLAN LATOI STORY**

**Original Proceeding**

**MEMORANDUM OPINION**

Relator Allan Latoi Story, pro se, has filed two motions that we are treating as an original proceeding.[1]

Story seeks mandamus and habeas corpus relief in his motion for speedy trial. Story first requests to have his charges dismissed and thus seeks habeas corpus relief. The courts of appeals do not have original habeas corpus jurisdiction in criminal law matters. *Ex parte Hearon*, 3 S.W.3d 650 (Tex. App.—Waco 1999, orig. proceeding) (citing *Dodson v. State*, 988 S.W.2d 833, 835 (Tex. App.—San Antonio 1999, no pet.); and *Sanders v. State*, 771 S.W.2d 645, 650 (Tex. App.—El Paso 1989, pet. ref'd)); *Ex parte Hawkins*, 885 S.W.2d 586, 588 (Tex. App.—El Paso 1994, orig. proceeding); *see also Ex parte Graves*, 271

---

[1] The motions lack proof of service. A copy of all documents presented to the Court must be served *on all parties* (*e.g.*, the trial court judge and the district attorney) and must contain proof of service. TEX. R. APP. P. 9.5, 52.2. The motions also lack the contents required by Rule 52. *Id.* 52.3, 52.7. To expedite this matter, we implement Rule of Appellate Procedure 2 to suspend these requirements. *Id.* 2.

S.W.3d 801, 807 (Tex. App.—Waco 2008, pet. ref'd) ("But a speedy-trial claim is not cognizable on a pretrial writ of habeas corpus. '[A]n applicant may not use a pretrial writ to assert his or her constitutional rights to a speedy trial. …'").

Story also requests us to order the trial court to have an immediate trial and thus seeks mandamus relief. *See, e.g., Chapman v. Evans,* 744 S.W.2d 133 (Tex. Crim. App. 1988) (granting mandamus relief where 30 months had passed since indictment and relator had requested speedy trial). "A court with mandamus authority 'will grant mandamus relief if relator can demonstrate that the act sought to be compelled is purely 'ministerial' and that relator has no other adequate legal remedy.'" *In re Piper,* 105 S.W.3d 107, 109 (Tex. App.—Waco 2003, orig. proceeding) (quoting *State ex rel. Rosenthal v. Poe,* 98 S.W.3d 194, 197-99 (Tex. Crim. App. 2003) (orig. proceeding)). Consideration of a motion properly filed and before the court is ministerial. *State ex rel. Hill v. Ct. of Apps. for the 5th Dist.,* 34 S.W.3d 924, 927 (Tex. Crim. App. 2001) (orig. proceeding).

> Mandamus may issue to compel a trial court to rule on a motion which has been pending before the court for a reasonable period of time. *See In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig. proceeding); *In re Keeter*, 134 S.W.3d 250, 252-53 (Tex. App.—Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding); *see also In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding). To obtain mandamus relief for such refusal, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *See Hearn*, 137 S.W.3d at 685; *Keeter*, 134 S.W.3d at 252; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *see also Shredder Co.*, 225 S.W.3d at 679. The mere filing of a motion with a trial court clerk does not equate to a request that the trial court rule on the motion. *See Hearn*, 137 S.W.3d at 685; *Chavez*, 62 S.W.3d at 228; *Barnes*, 832 S.W.2d at 426; *cf. Shredder Co.*, 225 S.W.3d at 680 ("Relator has made repeated requests for a ruling on its motion.").

*In re Sarkissian,* 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding).

A trial judge has a reasonable time to perform the ministerial duty of considering and ruling on a motion properly filed and before the judge. *Chavez,* 62 S.W.3d at 228. But that duty generally does not arise until the movant has brought the motion to the trial judge's attention, and mandamus will not lie unless the movant makes such a showing and the trial judge then fails or refuses to rule within a reasonable time. *See id.*

Story bears the burden of providing this Court with a sufficient record to establish his right to mandamus relief. *See In re Mullins,* 10-09-00143-CV, 2009 WL 2959716, at *1, n.1 (Tex. App.—Waco Sept. 16, 2009, no pet.) (mem. op.); *In re Blakeney,* 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). There is no record showing that Story has brought the matter to the attention of the trial judge and that the trial judge has then failed or refused to rule within a reasonable time. Because Story has not shown that he is entitled to relief, we deny his request for mandamus relief.

Story's other motion requests us to quash the indictment on self-defense grounds. This motion in substance seeks release from custody, which is habeas corpus relief, and as noted above, we lack original habeas jurisdiction in criminal law matters. *See In re Sampson,* No. 12-11-00362-CR, 2012 WL 760307 (Tex. App.—Tyler Mar. 7, 2012, orig. proceeding) (mem. op., not designated for publication) (dismissing for lack of jurisdiction relator's request to quash indictment). We thus dismiss that motion for lack of jurisdiction.

REX D. DAVIS
Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
(Chief Justice Gray concurs in the judgment to the extent it denies Story's petition for writ of mandamus and dismisses for lack of jurisdiction Story's Application for Writ of Habeas Corpus.  A separate opinion will not issue.)
Petition dismissed and denied
Opinion delivered and filed August 15, 2013
Do not publish
[OT06]